Antonio D. JACKSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 02S03–9505–CR–00547.

Supreme Court of Indiana.

April 4, 1996.

Donald C. Swanson, Jr., Swanson & Campbell, Fort Wayne, for Appellant.

Pamela Carter, Attorney General of Indiana, Christopher L. Lafuse, Office of the Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SELBY, Justice.

Antonio Jackson is a petty criminal who asserted his right to a speedy trial. Jackson was arrested and accused of attempting to steal some audio and video equipment from the home of an acquaintance, and charged with Burglary, a Class B felony, and of being an habitual offender. Jackson was convicted on both the burglary count and the habitual offender count. The State showed, in support of the habitual offender charge, that Jackson had previously been convicted of two counts of Class D theft for stealing used home furnishings, and convicted of receiving stolen property for attempting to pass a stolen Pizza Hut gift certificate. The trial court sentenced Jackson to serve twenty years on the burglary conviction and ten years on the habitual offender conviction, for a total sentence of thirty years. However, because Jackson was not brought to trial within seventy days of his motion for a speedy trial, pursuant to Indiana Rule of Criminal Procedure Rule 4(B), we must set aside his convictions.

## DISCUSSION

██ Both the U.S. and the Indiana Constitutions protect the right to a speedy trial. Our Indiana Constitution identifies the right as a fundamental tenet indispensable to the administration of justice. "Justice shall be administered ... speedily, and without delay." Ind. Const. Art. 1, § 12. The Sixth Amendment right to a speedy trial is one of the most basic rights described in the Bill of Rights. *Fossey v. State,* 254 Ind. 173, 258 N.E.2d 616 (1970), *citing Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). This right to a speedy trial "is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibility that long delay will impair the ability of an accused to defend himself." *United States v. Ewell,* 383 U.S. 116 at 120, 86 S.Ct. 773 at 776, 15 L.Ed.2d 627 at 630 (1966).

The United States Supreme Court, in *Klopfer, supra,* declared the Sixth Amendment right to a speedy trial enforceable against the states. Acknowledging Indiana's obligation to provide a speedy trial, we specifically implemented an accused's right to a speedy trial with Indiana Rule of Criminal Procedure 4, titled DISCHARGE FOR DELAY IN CRIMINAL TRIALS. Rule 4(B)(1) provides:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

██ This rule requires that, upon motion for a speedy trial, a defendant must be tried within seventy days, unless (1) the defendant caused the delay, or (2) the court's calendar is congested. If the court's calendar is congested, the prosecutor must file a timely

motion for continuance as described in Rule 4(A), or the court may continue the case on its own motion, *upon finding that the court's docket is congested.* Ind.Crim.Rule 4(B)(1).

The following is a chronology of events relevant in this case. (At all times relevant here, Jackson was incarcerated by the Indiana Department of Corrections serving a sentence on unrelated charges):

February 3, 1993: The State issues an information charging Jackson with Class B burglary and with being an habitual offender.

January 18, 1994: Jackson files, pro se, his Crim.Rule 4(B) Motion for a Speedy Trial with the Allen County Superior Court Clerk's office and certifies service on the Allen County Prosecutor's office.

January 28, 1994: Defendant Jackson appears, pro se, at an initial hearing. At this hearing, a pre-trial hearing was scheduled for February 11, 1994 to allow Jackson's counsel to enter an appearance. Jackson later testifies that, at this initial hearing, the judge conducting the hearing was aware of his request for a speedy trial. At this initial hearing, an omnibus date of March 28, 1994 was established.

February 11, 1994: Jackson's trial counsel enters his appearance.

March 21, 1994: Jackson's attorney advances the date set for the omnibus hearing by one week to renew Jackson's request for a trial before the end of the seventy-day period. At this hearing, the trial court examined its docket to see if any available trial dates remained within the seventy-day period:

Court: What do I have next Monday, Brenda? Do I have any speedy trials next Monday? What, you are not available Mr. Swanson, for Monday?

Mr. Swanson [Defense Counsel]: I'll be available, [Judge], if that's what it takes. I will be here.... The only thing I would observe, I don't know if they will even have ... of course I suppose you could get [the defendant] here, couldn't you?

Court: I could get him here tomorrow:

Mr. Swanson: Let's do that.

. . .

Mr. Lerch [State's Counsel]: Your Honor, the State would not be ready for trial next Monday.

(R. at 82–84.)

The trial court then, over defendant's strenuous objections, set a trial date of May 16, 1994, well beyond the seventy-day deadline.

March 23, 1994: Defendant files his Motion for Discharge.

March 29, 1994: Seventy-day period from time that defendant filed his written Motion for a Speedy Trial expires.

May 16, 1994: Court holds hearing on Jackson's Motion to Discharge. Motion to Discharge is denied. Jackson is tried and convicted of burglary and of being an habitual offender.

Jackson contends that he should have been discharged prior to his trial because the State failed to bring him to trial within seventy days of his Motion for a Speedy Trial, as required by Criminal Rule 4(B). The State notes that Rule 4(B) permits the court to set a trial date beyond the seventy-day trial date if the court makes note of its congested calendar, and argues that because the trial court identified several days outside of the seventy-day period during which it was not available for trial, the court had a congested calendar. The record suggests, however, that on Monday, March 28, 1994, one day before the seventy-day trial period was due to expire, the day that the court offered to the defendant as a trial date, the court was not too congested to accommodate the defendant's request for a speedy trial. The court was available that Monday for trial. Defendant and his counsel stood ready for trial on Monday, March 28, 1994. It was the State, however, through its prosecutor, that declared that it "would not be ready for trial next Monday[,]" March 28, 1994. (R. at 84).

A careful reading of the record reveals no finding that the court was congested, and no continuance on the court's own motion prior to the March 29 deadline, as required by the rule. Nor did the prosecutor file a motion for continuance as required by the rule. Defendant's counsel, at every opportunity, asserted the defendant's right to a speedy trial.

At the May 16 hearing on defendant's Motion to Discharge, defendant's counsel pointed out that the trial court had offered a trial date within the seventy-day period, and that there had never been a motion for a continuance filed by either party. The trial court did not identify any delay attributable to the defendant. Nevertheless, the court denied the defendant's Motion to Discharge.

█ The trial court based its decision to deny the motion on its conclusion that the defendant's motion for a speedy trial was "apparently not served on the State of Indiana" on January 18, 1994 (R. at 114), and that, at a preliminary hearing, the judge did not check a box on a court form indicating that the defendant had reasserted, at that hearing, his demand for a speedy trial.[1] The trial court concluded that these actions were inconsistent with the defendant's request for a speedy trial. The defendant's January 18 Motion for a Speedy Trial was in the trial court's file, and is in the record before this Court. That motion includes an executed certification of service on the prosecutor's office. The prosecutor never argued that he had not been served with notice of the defendant's request for a speedy trial. Rather, he stated "I point out that I have not had this file on the part of the prosecutor the entire time since this case was prepared. But I have reviewed our entire file on this, Judge, and insofar as the State of Indiana is concerned, I do not have anywhere in the file a copy of defendant's request for a speedy trial." (R. at 111). The State did not enter that file into the record, presented no witnesses on the issue of service of the motion, nor submitted any affidavit in support of its suggestion of defective service. In fact, the State never asserts that it was not served; it asserts only that this pro se filing did not make its way into the State's file. There are many reasons that a pro se defendant's filing may not have reached the prosecutor's file. As to the conclusion that the defendant's request for a speedy trial was "apparently not served on the State of Indiana" (R. at 114), the record is at best inconclusive.

█ A defendant cannot cause delay and then demand a speedy trial. Rule 4(B). The trial court did not identify any delay caused by this defendant. Delay attributable to this defendant, if any, was caused only by his pro se status, because the defendant, pro se, may not have taken positive steps beyond filing his motion to protect his right to a speedy trial. The defendant certified service of his demand for a speedy trial on the state, and testified that he brought his request for a speedy trial to the attention of the judge conducting the initial hearing. His failure to mount a more aggressive campaign for a speedy trial hardly vitiates his right to that speedy trial. The onus is on the State, not the defendant, to expedite prosecution. "[A] defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process." *Crosby v. State*, 597 N.E.2d 984 at 988 (Ind.Ct.App.1992). Defendant's counsel, appointed during February 1994, zealously attempted to get a trial date within the seventy-day period. The defendant engaged in no activity that might be construed as waiver; he engaged in no activity which could be construed as delay. Defendant Jackson did nothing inconsistent with his Motion for a Speedy Trial. Rule 4 requires, therefore, that Jackson "shall be discharged" unless "there was not sufficient time to try him during such seventy (70) calendar days because of congestion of the court calendar."

We recently reviewed the importance of conforming to the mandate contained in Rule 4(B):

Upon an incarcerated defendant's request for a speedy trial, Criminal Rule 4(B) requires particularized priority treatment. The rule is not satisfied merely by scheduling such a case for trial at the next date available for criminal cases or for cases generally. Rather, it must be assigned a meaningful trial date within the time prescribed by the rule, if necessary superseding trial dates previously designated for civil cases and even criminal cases in which

---

1. While we acknowledge that such forms serve a useful purpose, a pro-se defendant's failure to induce the initial-hearing judge to check the box does not indicate that the defendant has adopted a position inconsistent with his initial request for a speedy trial.

Criminal Rule 4 deadlines are not imminent....

Upon appellate review, a trial court's finding of congestion will be presumed valid and need not be contemporaneously explained or documented by the trial court. However, a defendant may challenge that finding, by filing a Motion for Discharge and demonstrating that, at the time the trial court made its decision to postpone trial, the finding of congestion was factually or legally inaccurate.

*Clark v. State,* 659 N.E.2d 548 at 552 (Ind. 1995).

■■■ In the instant case, we are unable to review the accuracy of a finding of congestion, because no such finding exists in the record. The trial court did not make a specific finding of congestion, nor did the State file a motion for a continuance because of congestion. Because the trial court's docket was not too congested on Monday, March 28, 1994 to proceed with this trial, but the State declined to accept the trial date offered by the judge, Rule 4(B) requires that this defendant be discharged. "The direction to discharge is mandatory; nothing will prevent [Rule 4's] operation save its own exceptions." *Crosby v. State,* 597 N.E.2d 984 (Ind.Ct.App. 1992).

In *Crosby,* the Court of Appeals noted that when read as a whole, other than reasons attributable to the defendant, the rule envisions only one justification for not bringing a defendant to trial within seventy days—court congestion. The rule authorized the court to take note of congestion, and upon finding congestion, order a continuance. The sentence which follows contemplates the granting of such a continuance on the court's own motion *due to a congested calendar....* When read in *pari materia,* the exception and sentences which follow permit a continuance on the court's own motion when necessitated by court congestion. In all other circumstances, the defendant shall be discharged if not brought to trial within the seventy days following his motion.

*Crosby* 597 N.E.2d at 987.

## CONCLUSION

As is his right, Jackson demanded a speedy trial. He did not receive a trial within seventy days of his motion for an early trial. The trial court did not make a finding of congestion, and in fact had a trial date available which was accepted by Jackson, but rejected by the prosecution. Because Jackson filed a motion for a speedy trial, did not receive a trial within the mandated seventy-day period, and the delay cannot be attributed to the defendant nor to a congested calendar, Rule 4(B)(1) requires that Jackson be discharged. We remand this cause to the trial court with instructions to grant Jackson's Motion to Discharge.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.