Mickey CUNDIFF, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 31A05–1008–CR–607.

Court of Appeals of Indiana.

June 23, 2011.

Transfer Granted Aug. 18, 2011.

Bart M. Betteau, Betteau Law Office, LLC, New Albany, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Mickey Cundiff ("Cundiff") was convicted of Class D felony operating a vehicle while intoxicated. He appeals his conviction raising only the following argument: whether the trial court erred when it denied his Criminal Rule 4(B) motion for discharge. Concluding that Cundiff was not entitled to a speedy trial pursuant to Criminal Rule 4(B) despite his incarceration on an unrelated cause, we affirm.

### Facts and Procedural History

On December 22, 2009, Cundiff was charged with three misdemeanor operating while intoxicated offenses and one class D felony operating while intoxicated offense. Cundiff was arrested, but on January 11, 2010, he posted bond and was released from jail.

On some date prior to March 15, 2010, Cundiff was incarcerated due to a probation revocation in a separate cause. On March 15, 2010, Cundiff filed a motion for speedy trial pursuant to Criminal Rule 4(B). But he also filed a motion to continue a hearing scheduled for March 25, 2010. The trial court granted the motion and

scheduled a hearing on all pending motions for April 29, 2010. The April 29, 2010 hearing was then continued due to court congestion and Cundiff's request for a continuance.

Cundiff filed a motion for discharge due to a violation of his right to a speedy trial on some date prior to July 22, 2010.[1] A hearing was held on Cundiff's motion on July 22, 2010. The trial court took the matter under advisement. The trial court denied Cundiff's motion at a hearing on August 26, 2010. On that same date, a bench trial was held, and Cundiff was found guilty of Class D felony operating a vehicle while intoxicated. Cundiff now appeals.

### Discussion and Decision

▇▇▇▇▇ We review de novo a trial court's denial of a motion to discharge a defendant. *Kirby v. State*, 774 N.E.2d 523, 530 (Ind.Ct.App.2002), *trans. denied.* "The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. This fundamental principle of constitutional law has long been zealously guarded by our courts." *State v. Huber,* 843 N.E.2d 571, 573 (Ind.Ct.App.2006), *trans. denied* (citations omitted). "To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right." *Id.*

Specifically, in this appeal, Cundiff relies on Criminal Rule 4(B), which provides in pertinent part:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such

motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar . . . . .

Cundiff was not incarcerated on the pending charges in this cause when he filed his motion for discharge, but was incarcerated for violating his probation under a separate cause. He argues that due to his incarceration, the State was required to bring him to trial within seventy calendar days of his motion for speedy trial, and because it failed to do so, the trial court erred when it denied his motion for discharge.

To address Cundiff's arguments, we must descend into the murky waters of our Indiana Criminal Rule 4(B) jurisprudence. We start with *Jackson v. State,* 663 N.E.2d 766, 770 (Ind.1996), in which our supreme court concluded that the defendant was entitled to discharge pursuant to Criminal Rule 4(B) because the delay in his trial was not due to a finding of court congestion or delay attributable to the defendant. Important to the resolution of the issue presented in this appeal, the court made note of the fact that Jackson was incarcerated in the Indiana Department of Correction serving a sentence on unrelated charges during the proceedings at issue in the appeal. *Id.* at 768. Although the court briefly stated that Jackson was arrested on the charges at issue, it is not clear from the opinion whether Jackson was incarcerated on those charges when he filed his motion for speedy trial.

One year later, in *Poore v. State,* 685 N.E.2d 36 (Ind.1997), our supreme court concluded that Criminal Rule 4(B) applied

---

1. Cundiff's motion for discharge is not included in the record on appeal. And the chronological case summary does not have an entry indicating that such motion was filed, but the State filed a response to Cundiff's motion for discharge on June 25, 2010.

to habitual offender proceedings. In *Poore*, the defendant's habitual offender adjudication was set aside and set for re-trial as a result of post-conviction proceedings. Poore then moved for a speedy trial, and when trial was not held within seventy days of his motion, moved for discharge of the habitual offender charge. Our supreme court concluded that Poore was entitled to be tried within seventy days of his motion and held 1) that the "meaning of the phrase 'held in jail on an indictment or affidavit' as used in Rule 4(B) … clearly contemplates a defendant in custody on a *pending* criminal charge," and 2) "incarceration due to the pending charge at issue need not be the *only* reason the defendant is in jail at the time the speedy trial is requested under Rule 4(B)." *Id.* at 38, 40 (emphasis added).

The *Poore* holding strongly supports the conclusion that if a defendant is incarcerated for an unrelated offense, the defendant must also be incarcerated on the pending charges for Criminal Rule 4(B) to apply. But the court then stated "[e]ven assuming, however, that Poore would have been in jail anyway due to his sentence on the burglary conviction, he still would have been entitled to the benefit of Rule 4(B)." *Id.* at 40. Further, the court observed, "We recently implicitly reaffirmed this aspect of Rule 4(B) in *Jackson*, which ordered that the defendant be discharged due to failure to comply with the Rule's time limits. In that case, Jackson was serving a sentence on unrelated charges at the time he demanded and failed to receive

a speedy trial." *Id.* (citing *Jackson*, 663 N.E.2d at 768). Finally, the *Poore* court concluded:

> Although *Fossey*,[2] *Gill*,[3] and *Jackson* each involved an accused who requested a speedy trial on one charge while being jailed on another, rather than the "continuation" of one prosecution as in this case, this is a distinction with little effective difference here. Those cases stand for the proposition that incarceration due to the pending charge at issue need not be the only reason the defendant is in jail at the time the speedy trial is requested under Rule 4(B). Stated another way, restraint on liberty is one policy underlying Rule 4(B), but it is not the only policy. There is also the anxiety and humiliation that can accompany public accusation. These considerations are unrelated to whether the accused is incarcerated on other grounds at the time the speedy trial is demanded. Equally importantly, a prompt trial enables a defendant to make his or her case before exculpatory evidence vanishes or becomes stale.

*Id.*

Relying on *Jackson* and *Poore*, in *Brown v. State*, 825 N.E.2d 978 (Ind.Ct. App.2005), *trans. denied*, our court concluded that the defendant was entitled to discharge pursuant to Criminal Rule 4(B) where the defendant was incarcerated for a prior conviction, but not for the pending charges, when he filed his motion for speedy trial. Specifically, when the defen-

---

2. In *Fossey v. State*, 254 Ind. 173, 180, 258 N.E.2d 616, 620 (1970), the court held that "the fact that a defendant is in jail on a prior conviction, whether he be in jail in Indiana or another jurisdiction, does not vitiate his interest in a speedy trial on the second charge[.]"

3. In *Gill v. State*, 267 Ind. 160, 164, 368 N.E.2d 1159, 1161 (1977), the court reaffirmed the principle that "a criminal defendant in

this State could invoke the protection of Criminal Rule 4 against a pending charge, if after arraignment on such charge he is either incarcerated or kept under recognizance. The fact that incarceration during such post-arraignment period may also be required by an order in another case does not render Criminal Rule 4 inapplicable."

dant filed his speedy trial motion, an arrest warrant for the pending charges had been issued, but not served on the defendant. The State admitted that it waited until the defendant had served his sentence for the prior conviction before serving the arrest warrant on the defendant for the pending charges.

After noting that in *Jackson* there was no indication that the defendant had been arrested on the pending charges prior to filing his speedy trial motion, our court concluded that Brown was entitled to discharge because he was incarcerated when he filed his speedy trial motion. Specifically, the *Brown* court stated:

> In the instant case, the State had filed charges against Brown and an arrest warrant had been issued. Moreover, there is indication in the record that the Fulton County prosecutor was aware of Brown's incarceration in an adjoining county, had communicated with officials in Marshall County regarding the pending charges, and had at least attempted to place a hold on Brown. Despite Brown's request for a speedy trial, the State did nothing, apparently deciding to wait until Marshall County "was done with him". This was not proper in light of Brown's request for a speedy trial. At all relevant times, Brown was within the exclusive custody of the State. Therefore, he was entitled to invoke his right to a speedy trial under Rule 4(B) with regard to the pending charges, and the clock started running when his request was filed.

*Id.* at 982 (record citation omitted).

More recently, we reached the opposite result in *Mork v. State*, 912 N.E.2d 408 (Ind.Ct.App.2009). In that case, the defendant had been released on his own recognizance for the charges at issue in the appeal, but after those charges were filed, he was convicted of a separate offense in another cause and was incarcerated as a result of that conviction. *Id.* at 410. In addressing Mork's argument that he was entitled to discharge, our court observed:

> In *Poore v. State*, 685 N.E.2d 36, 40 (Ind.1997), the Indiana Supreme Court held that *Fossey, Gill*, and *Jackson* "stand for the proposition that incarceration due to the pending charge at issue need not be the *only* reason the defendant is in jail at the time the speedy trial is requested under Rule 4(B)." (Emphasis added). Based upon this language, we conclude that incarceration on a present offense must be a reason that the defendant is in jail. *See also Poore*, 685 N.E.2d at 38 (discussing the text of Rule 4(B) and holding that the phrase "held in jail on an indictment or affidavit" as used in Rule 4(B) "[a]lthough not entirely without ambiguity ... clearly contemplates a defendant in custody on a *pending* criminal charge") (emphasis added).

*Id.* at 411. Therefore, our court concluded that once the trial court released Mork from custody on the pending charges, "he was no longer entitled to the benefits of" Criminal Rule 4(B). *Id.* at 411 (citing *Williams v. State*, 631 N.E.2d 485, 487 (Ind.1994)) (holding that "[o]nce released from custody, a defendant receives no further benefit from Crim. R. 4(B)").

Likewise, in *Upshaw v. State*, 934 N.E.2d 178 (Ind.Ct.App.2010), *trans. denied*, the defendant was released on his own recognizance on the pending charges, but shortly thereafter, his bond was revoked due to his arrest in an unrelated matter. On appeal, Upshaw argued that his "new, unrelated incarceration should tack onto his initial incarceration for the instant offenses for the purpose of the Rule 4(B) deadline." *Id.* at 182. We rejected Upshaw's argument and held:

 

*For the Rule 4(B) deadline to apply, incarceration on the present offense must be the reason that the defendant is in jail.* There is no logical reason to find that the Rule 4(B) clock on the instant charges resumed ticking merely because Upshaw was arrested on new, separate charges—that would not serve the Rule's objectives.... Because Upshaw was tried within seventy days after he was arrested on the new charges and asserted his Rule 4(B) right to a fast and speedy trial, the trial court did not err by denying his motion to dismiss the pending charges.

*Id.* (emphasis added).

We agree with our court's *Mork* and *Upshaw* decisions and conclude that under Criminal Rule 4(B), a defendant must be incarcerated on the pending charges to be entitled to the benefits of the seventy-day speedy trial rule.[4] Although the *Poore* court's reliance on the *Jackson* decision possibly creates some ambiguity as to the *Poore* holding, our supreme court did clearly state, the "meaning of the phrase 'held in jail on an indictment or affidavit' as used in Rule 4(B) ... clearly contemplates a defendant in custody on a *pending* criminal charge[.]" *Poore*, 685 N.E.2d at 38. Importantly, the court further explained that "incarceration due to the pending charge *at issue* need not be the *only* reason the defendant is in jail at the time the speedy trial is requested under Rule 4(b)." *Id.* at 40 (emphasis added).

In this case, Cundiff was incarcerated for a probation violation in a separate cause and possibly a battery charge, but Cundiff was not incarcerated on the pending charges because he had been released on his own recognizance. *See* Tr. pp. 21, 24–25. For this reason, we conclude that the Criminal Rule 4(B) seventy-day deadline does not apply to the circumstances presented in this appeal. And therefore trial court did not err when it denied Cundiff's motion for discharge.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.

---

4. Our court's *Brown* decision may simply be an example of the maxim that "bad facts make bad law." In that case, the State decided to let the defendant serve out his sentence on a prior conviction before arresting him for the pending charges, thus ensuring that the defendant would not receive a prompt trial. The State's actions in that case were less than judicious.