ATTORNEY FOR APPELLANT
Bart M. Betteau
New Albany, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court

**FILED**
May 31 2012, 11:10 am

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 31S05-1108-CR-512

MICKEY CUNDIFF,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Harrison Superior Court, No. 31D01-0912-FD-889
The Honorable Glenn Hancock, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 31A05-1008-CR-607

**May 31, 2012**

**David, Justice.**

In this case, the State filed charges against the defendant, and after a brief period of incarceration, the defendant was released. Shortly after his release, the defendant was again incarcerated but on a probation-revocation case. While he was incarcerated on the probation-revocation case, the defendant filed a Criminal Rule 4(B) motion, requesting a speedy trial on the pending charges.

The trial court denied the motion. We affirm, holding that Criminal Rule 4(B) is available to a defendant only when the defendant is held on the pending charges for which he requests a speedy trial.

## Facts and Procedural History

On December 19, 2009, a police officer pulled over Mickey Cundiff in Harrison County, Indiana. After Cundiff consented to a certified breath test, the officer transported him to the county sheriff's department. The breath test revealed that Cundiff had a blood alcohol content of .12. On December 21, 2009, the trial court found probable cause for Mickey Cundiff's arrest, and the following day, the State charged Cundiff with one felony and three misdemeanor operating-while-intoxicated offenses (Cause FD-889). Cundiff posted bond and was released from incarceration on Cause FD-899 on January 11, 2010.

After this release and before March 15, 2010, Cundiff was incarcerated on a probation-revocation case (Cause FD-190).[1] On March 15, 2010, Cundiff filed a motion for a speedy trial in Cause FD-899, relying on Indiana Criminal Rule 4(B).

At some point, Cundiff filed a motion for discharge in Cause FD-899. That motion was not included in the record; however, the State filed its opposition to Cundiff's motion for discharge on June 25, 2010. Among other things, the State argued that discharge was improper because Cundiff was not being held on Cause FD-899 and, thus, his motion was "moot."

On July 22, 2010, the trial court held a hearing on Cundiff's motion to discharge. On August 26, 2010, the trial court denied the motion and also held a bench trial in Cause FD-899. The trial court found Cundiff guilty of Class D felony operating a vehicle while intoxicated.

Cundiff appealed the trial court's denial of his motion for discharge, and the Court of Appeals affirmed the trial court. Cundiff v. State, 950 N.E.2d 1279, 1283 (Ind. Ct. App. 2011). We granted transfer.

---

[1] The record does not reveal the exact date of Cundiff's probation-revocation incarceration.

## Standard of Review

The speedy-trial issue today involves a pure question of law; accordingly, the appropriate standard of review is de novo. State v. Moss-Dwyer, 686 N.E.2d 109, 110 (Ind. 1997).

## Indiana Criminal Rule 4(B)

Both the U.S. and Indiana Constitutions protect the right of an accused to a speedy trial. U.S. Const. amend. VI; Ind. Const. art. 1, § 12. The speedy-trial right is a "'fundamental principle of constitutional law'" that has been zealously guarded by our courts. Clark v. State, 659 N.E.2d 548, 551 (Ind. 1995) (quoting Castle v. State, 237 Ind. 83, 85, 143 N.E.2d 570, 572 (1957)).

Indiana Criminal Rule 4 generally implements the constitutional right of an accused to a speedy trial.[2] Bridwell v. State, 659 N.E.2d 552, 553 (Ind. 1995). Subsection (B) of the Rule is at issue, and it provides, in part, that "[i]f any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion." Ind. Crim. Rule 4(B)(1).[3] The Rule continues by listing conditions that excuse a failure to bring an accused to trial within the seventy-day timeframe. Id.

---

[2] Importantly, Criminal Rule 4 does not cover every aspect of the constitutional right to a speedy trial. Cooley v. State, 172 Ind. App. 199, 202, 360 N.E.2d 29, 32 (1977), trans. denied; see also State v. Moles, 166 Ind. App. 632, 646, 337 N.E.2d 543, 552 (1975) ("An accused . . . has two distinct but related rights to have the processes of justice move deliberately toward the end of obtaining a trial within a reasonable and agreeable time—one right is guaranteed by the Constitutions and one by the implementing CR. 4.").

[3] Criminal Rule 4(B)(1) provides in full as follows:

> (B)(1) Defendant in Jail—Motion for Early Trial. If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

It is well established that Criminal Rule 4 places an "affirmative duty" on the State to bring a defendant to trial. Curtis v. State, 948 N.E.2d 1143, 1151 (Ind. 2011). By the same token, the purpose of Criminal Rule 4 is not to provide defendants with a technical means to avoid trial but rather to assure speedy trials. Loyd v. State, 272 Ind. 404, 410, 398 N.E.2d 1260, 1266 (1980).

There is no dispute that more than seventy days elapsed after Cundiff filed his Criminal Rule 4(B) motion for a speedy trial. The parties dispute, however, the applicability of Criminal Rule 4(B) to Cundiff's case.

The State points out that Cundiff was not incarcerated on the pending charges at issue when he filed his Criminal Rule 4(B) motion. The State asserts that for Criminal Rule 4(B) to apply, "incarceration on the current offense must be the reason that the defendant is in jail." The State alternatively argues that if Criminal Rule 4(B) does apply, various delays were attributable to Cundiff, which would excuse any failure in bringing him to trial within the seventy-day deadline.

Cundiff, on the other hand, contends that Criminal Rule 4(B) applies despite the fact that he was incarcerated for a different reason and not on the charges for which he requested a speedy trial. Cundiff acknowledges that case law from the Court of Appeals supports the State's position on 4(B)'s applicability, but he directs us to precedent from this Court, asserting that it is consistent with his position.

The Court of Appeals agreed with the State, concluding that for Criminal Rule 4(B) to apply, "a defendant must be incarcerated on the pending charges to be entitled to the benefits of the seventy-day speedy trial rule." Cundiff, 950 N.E.2d at 1283. Before reaching this conclusion, however, the Court of Appeals acknowledged a split between its own panels on the issue. Id. at 1282. It also pointed to possibly ambiguous language from this Court's precedent on Criminal Rule 4(B)'s applicability in these types of situations. Id. at 1281–82.

We write to clarify any ambiguity within this Court's precedent on the issue and to resolve the split within the Court of Appeals. We address the question of whether an incarcerated defendant has the right to be tried within seventy days under Criminal Rule 4(B)

4

when he is being held for an unrelated offense and not on the charges for which speedy trial is demanded.

Our analysis begins with this Court's decision in Poore v. State, 685 N.E.2d 36 (Ind. 1997). In Poore, this Court was faced with the narrow issue of whether Criminal Rule 4(B)'s time limits applied to a retrial of a habitual-offender finding. 685 N.E.2d at 36. Although the procedural history in Poore varies from that of the present case, Poore's interpretation of Criminal Rule 4(B) is instructive. Importantly, separate panels of the Court of Appeals have interpreted Poore differently, resulting in a split within that court on the precise question before us today.

In Poore, the defendant was sentenced to twenty years on a burglary conviction, which was enhanced by thirty years based on a habitual-offender finding. Id. at 37. Years later, a post-conviction court vacated one of the predicate felonies supporting the habitual-offender enhancement. Id. This eventually led to the post-conviction court also vacating the enhancement and ordering that the habitual-offender count be set for retrial. Id.

The Poore defendant filed a speedy-trial motion under Criminal Rule 4(B), asserting that he had a right to a trial within seventy days. Id. Once the seventy-day time limit elapsed without trial, the defendant filed a motion for discharge. Id.

Ultimately, this Court determined that Criminal Rule 4(B) applied to retrials of habitual-offender counts and thus the defendant was entitled to discharge. Id. at 41. In making this determination, this Court addressed the text of the rule and previous cases that dealt with the applicability of Criminal Rule 4(B). Id. at 38–41.

Language from the analysis in Poore has been construed to support two divergent conclusions on Criminal Rule 4(B)'s applicability to defendants who are being held for an unrelated offense and not the charge for which speedy trial was requested. Compare Mork v. State, 912 N.E.2d 408, 411 (Ind. Ct. App. 2009) (citing Poore and concluding that for Criminal Rule 4(B) to apply "incarceration on a present offense must be a reason that the defendant is in jail"), with Brown v. State, 825 N.E.2d 978, 981–83 (Ind. Ct. App. 2005), trans. denied (citing Poore and concluding that a defendant was entitled to discharge under Criminal Rule 4(B) when

5

he was incarcerated for a prior conviction but not for the pending charges for which he requested a speedy trial). After closely examining Poore, we believe that its language largely supports a conclusion that a defendant must be held on the charge for which he requests a speedy trial for Criminal Rule 4(B) to apply.

In Poore, this Court first stated that the phrase in Criminal Rule 4(B), "held in jail on an indictment or affidavit," was "not entirely without ambiguity" but that it "clearly contemplates a defendant in custody on a pending criminal charge." 685 N.E.2d at 38. Importantly, the Poore defendant met this requirement, as he was "'being held upon the habitual charge as set forth in the indictment or information.'" Id. at 39 (quoting Poore v. State, 660 N.E.2d 591, 597 (Ind. Ct. App. 1996) (Sullivan, J., dissenting)).

The Court then addressed the argument that Criminal Rule 4(B) was inapplicable because the defendant was being held before his habitual-offender retrial on the burglary-conviction sentence. Id. at 40. In discounting this argument, this Court used language that perhaps engendered some confusion as to when Rule 4(B) applies. This Court first stated that "[e]ven assuming, however, that [the defendant] would have been in jail anyway due to his sentence on the burglary conviction, he still would have been entitled to the benefit of Rule 4(B)." Id. This Court then cited three previous decisions to support its conclusion: Fossey v. State, 254 Ind. 173, 258 N.E.2d 616 (1970); Gill v. State, 267 Ind. 160, 368 N.E.2d 1159 (1977); and Jackson v. State, 663 N.E.2d 766 (Ind. 1996). It determined that those cases "stand for the proposition that incarceration due to the pending charge at issue need not be the *only* reason the defendant is in jail at the time the speedy trial is requested under Rule 4(B)." Poore, 685 N.E.2d at 40 (emphasis added).

Poore, especially its explicit statement that the rule "clearly contemplates" a defendant being held on a pending criminal charge, supports a holding that Criminal Rule 4(B) applies only if a defendant is being held on the charge for which he requests a speedy trial. Poore also supports a holding that as long as the defendant is in jail on the pending charge, Criminal Rule 4(B) applies to that charge even if the defendant is also being held for another reason. On the other hand, Poore did not extend the applicability of Criminal Rule 4(B) to defendants who are

6

not being held on the pending charge for which a speedy trial is requested but for a different reason altogether.

It is true that Poore's reliance on Jackson, 663 N.E.2d 766, is slightly misleading. Jackson involved a defendant who was being held on unrelated charges and who was subsequently charged for other offenses. 663 N.E.2d at 768. The Jackson defendant filed a Criminal Rule 4(B) motion on the later charges, and this Court determined the defendant was entitled to discharge because the State had failed to bring him to trial within seventy days. Id. at 770. It is unclear from the opinion whether the Jackson defendant was also being held on the charges for which he requested a speedy trial. Thus, the facts could be construed to support the position that for Criminal Rule 4(B) to apply, incarceration for any reason suffices, even if the defendant is not held on the charge for which he requests a speedy trial. But the crux of the Jackson opinion was whether the State's failure to bring the defendant to trial within seventy days was excusable. Id. at 768–70. This Court never delved into whether Rule 4(B) applied in the first place—perhaps because the issue was never raised.

Importantly, Poore relied on cases that explicitly involved the application of Rule 4(B) to defendants who were being held on the charge for which they filed a speedy-trial motion and also another reason. In Fossey, this Court noted that, in light of U.S. Supreme Court precedent, a judicially-created exception that made Criminal Rule 4 unavailable for a defendant "seeking a trial on a charge pending while he, at the same time, is in jail on another conviction" could not be maintained. 254 Ind. at 179, 258 N.E.2d at 619. Later, in Gill, this Court stated that "[t]he fact that incarceration during such post-arraignment period may *also* be required by an order in another case does not render Criminal Rule 4 inapplicable." 267 Ind. at 164, 368 N.E.2d at 1161 (emphasis added). Thus, both of these cases stand for the proposition that Criminal Rule 4(B) is available to a defendant who is being held on the pending charge for which he requests a speedy trial even if he is also being held for a separate reason. Neither of those cases extended the availability of Criminal Rule 4(B) to defendants who, like Cundiff, were incarcerated, but not on the charge for which they requested a speedy trial.

Ultimately, the most reasonable interpretation of Poore's language on Criminal Rule 4(B)'s availability—"incarceration due to the pending charge at issue need not be the only reason

the defendant is in jail"—is the following: for Rule 4(B) to apply, the defendant must be incarcerated on the charge for which he seeks a speedy trial, and as long as that requirement is met, the availability of Rule 4(B) is not affected if the defendant is also incarcerated on other grounds. 658 N.E.2d at 40. Accordingly, Criminal Rule 4(B) was not available to Cundiff on the pending charges for which he sought a speedy trial because he was not incarcerated on those charges.

## Conclusion

We affirm the trial court's denial of Cundiff's Criminal Rule 4(B) motion to discharge.

Dickson, C.J., and Sullivan, Rucker, and Massa, JJ., concur.