## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 23 2015, 8:37 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimberly Gaskins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 23, 2015 <br><br> Court of Appeals Case No. 49A02-1501-CR-5 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Jose D. Salinas, Judge <br><br> Trial Court Cause No. 49G14-1301-FD-3989 |

**Crone, Judge.**

# Case Summary

In January 2013, a police officer stopped Kimberly Gaskins for a nonworking headlight, found drugs in her vehicle, and arrested her. The State charged Gaskins with class D felony possession of methamphetamine and two counts of class D felony possession of a controlled substance. In September 2014, Gaskins filed a motion for discharge under Indiana Criminal Rule 4(C), claiming that she had not been tried within one year of being charged, excluding delays attributable to her or to court congestion or emergency. The trial court denied the motion. In December 2014, almost two years after Gaskins was charged, a bench trial was held and the trial court found her guilty.

On appeal, Gaskins argues that the trial court erred in denying her motion for discharge. She also argues that the drugs found in her vehicle were seized in violation of her state and federal constitutional rights. We find her first argument dispositive and therefore vacate her convictions.

# Facts and Procedural History

Criminal Rule 4(C) reads as follows:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a

timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

And Criminal Rule 4(F) reads in pertinent part, "When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby."

[4] On January 16, 2013, an Indianapolis police officer stopped Gaskins for a nonworking headlight, found drugs in her vehicle, and arrested her. Her initial hearing was scheduled for January 18, but the State moved to continue it until January 23. On January 20, the State charged Gaskins with class D felony possession of methamphetamine and two counts of class D felony possession of a controlled substance.[1] At the initial hearing on January 23, the trial court entered a not guilty plea for Gaskins. Gaskins then acquiesced to several pretrial conferences. At the June 12 conference, Gaskins requested a

---

[1] The State asserts that Gaskins was charged on January 18. The chronological case summary indicates that the probable cause affidavit was filed on that date, and the charging information is dated January 20. Appellant's App. at 6, 19.

suppression hearing, which the trial court scheduled for July 31. Gaskins filed a written motion to suppress on June 19.

[5] On July 31, the State requested a continuance, to which Gaskins did not object, and the trial court rescheduled the hearing for September 25. Pursuant to successive continuances requested by the State, the trial court rescheduled the hearing for January 8, 2014. On January 8, due to what the trial court later characterized as a "mistake by the Court," Tr. at 127, the hearing was rescheduled for February 26. The suppression hearing was finally held on February 26, and the trial court took the matter under advisement.

[6] On April 9, the trial court denied Gaskins's motion to suppress as to the physical evidence seized during the traffic stop and granted it as to statements she made to the arresting officer. The court also set a trial date of August 11. On April 16, Gaskins filed an objection to the trial date "as appearing to be outside the time constraints of Criminal Rule 4." Appellant's App. at 63.[2] Both parties filed motions to correct error regarding the suppression order, which the trial court denied on May 12.

[7] On June 11, the State filed a motion to certify the suppression order for interlocutory appeal under Indiana Appellate Rule 14(B), which the trial court

---

[2] The objection was file-stamped by the circuit court clerk but was not recorded in the chronological case summary ("CCS"). On May 20, 2014, Gaskins filed a motion to correct the record. The trial court later acknowledged that Gaskins had objected to the trial date, Tr. at 72, but the CCS has not yet been corrected to reflect this.

granted on June 13, before Gaskins filed her response.[3]  The State did not seek and the trial court did not order a stay of its proceedings.  *Cf.* Ind. Appellate Rule 14(H) ("An interlocutory appeal shall not stay proceedings in the trial court unless the trial court or a judge of the Court of Appeals so orders.").  At a hearing on June 25, the trial court vacated the August 11 trial date based on its belief that the State's "interlocutory [appeal] may take some time."  Tr. at 74.

[8]     On August 12, the trial court received an August 8 order from this Court denying the State's motion to accept jurisdiction of the interlocutory appeal.  At a hearing on August 13, the trial court set a trial date of October 20.  On September 10, Gaskins filed a motion to correct record stating that at the August 13 hearing she "immediately objected as the trial date was outside one year from the filing of charges," that the court "specifically directed that [her] objection be noted on the chronological case summary and made a part of the record," but that the entry for that date "does not note [her] objection to the

---

[3] Appellate Rule 14(B)(1)(d) gives a party fifteen days to file a response to a motion to certify an interlocutory order.  Gaskins filed her response on June 16, only five days after the State served its motion.  Under Indiana Code Section 35-38-4-2(5), the State may appeal "[f]rom an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution of one (1) or more counts of an information or indictment."  In her response, Gaskins pointed out that the State had "not alleged that [the trial court's] ruling precludes further prosecution and it in fact it does not." Appellant's App. at 77.  Gaskins also pointed out that, unlike Appellate Rule 9 with respect to appeals from final judgments, Appellate Rule 14 does not specifically indicate that a motion to correct error may extend the thirty-day deadline for filing a motion to certify an interlocutory order.

trial date as being outside one year as it should." *Id*. at 97. The State did not respond to the motion, and the trial court did not rule on it.[4]

[9] Also on September 10, Gaskins filed a motion for discharge under Criminal Rule 4(C), which the State opposed and the trial court denied on November 14. The parties filed a jury trial waiver, and trial was ultimately rescheduled for December 3, 2014, 689 days after Gaskins was charged. The trial court found her guilty, and this appeal ensued.

# Discussion and Decision

[10] Gaskins argues that the trial court erred in denying her motion for discharge. She also argues that the drugs found in her vehicle were seized in violation of her state and federal constitutional rights. We find the first argument dispositive.

[11] Both the Sixth Amendment of the U.S. Constitution and Article 1, Section 12 of the Indiana Constitution protect the right of an accused to a speedy trial. *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012). "The speedy-trial right is a fundamental principle of constitutional law that has been zealously guarded by our courts." *Id*. (citation and quotation marks omitted). "Indiana Criminal Rule 4 generally implements the constitutional right of an accused to a speedy

---

[4] Gaskins submitted to the trial court a transcript of the August 13 hearing, which supports her version of events. Defendant's Ex. A 10/5/14.

trial." *Id.* The purpose of the rule "is not to provide defendants with a technical means to avoid trial but rather to assure speedy trials." *Id.* at 1028.

[12] "To resolve a motion for discharge made under Rule 4(C), it is necessary to identify only those delays attributable to the defendant and those attributable to court congestion or emergency." *Carr v. State*, 934 N.E.2d 1096, 1100 (Ind. 2010).

> The Rule does not involve assessment or attribution of any fault or accountability on the part of the State, but generally imposes upon the justice system the obligation to bring a defendant to trial within a set time period, which is extended by the amount of delay caused by the defendant or under the exception for court calendar congestion or emergency.

*Id.*[5] "We review a trial court's ruling on a Rule 4(C) motion for abuse of discretion." *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2011).

[13] Gaskins was charged on January 20, 2013. Thus, under Rule 4(C), the justice system was obligated to bring her to trial by January 20, 2014. Gaskins was not responsible for the continuance of the initial hearing until January 23, and thus the Rule 4(C) deadline was unaffected. At the hearing on the motion for discharge, the trial court found that by acquiescing to successive pretrial conferences, Gaskins was responsible for the delay between the January 23

---

[5] Consequently, "[e]mploying the rhetoric of 'delay chargeable to the State' should be avoided." *Carr*, 934 N.E.2d at 1100-01. Notwithstanding our supreme court's admonition in *Carr* (and Gaskins's quotation of it in her brief), the State employs that rhetoric in its brief.

initial hearing and the June 12 conference, a total of 140 days. Gaskins does not challenge this determination on appeal. Thus, the Rule 4(C) deadline was extended to June 9, 2014.

[14] At the June 12 conference, Gaskins requested a suppression hearing, which the trial court scheduled for July 31. The trial court found that Gaskins was not responsible for this 49-day delay. The State characterizes this as a continuance that Gaskins acquiesced to and thus is responsible for. We disagree. *See Curtis*, 948 N.E.2d at 1150 ("[A] motion to suppress is not automatically considered a delay attributable to the defendant under Rule 4(C): 'the mere filing of a motion to suppress does not of itself engender any delay … within the period of the rule.'") (quoting *Moreno v. State*, 166 Ind. App. 441, 455 n.10, 336 N.E.2d 675, 684 n.10 (1975)). "'[W]hen determining the *extent* of the delay caused by the defendant's actions, we must proceed on a case-by-case basis.'" *Id*. (quoting *Wheeler v. State*, 662 N.E.2d 192, 194 (Ind. Ct. App. 1996)) (alteration and emphasis in *Curtis*). "The setting of a trial date is not determinative of what delays are chargeable to the defendant, but a pretrial motion's proximity to a set trial date weighs in favor of attributing a delay to a defendant." *Id*. (citation omitted). Here, the trial court had not yet set a trial date, and Gaskins's request for a suppression hearing was made less than six months after charges were filed. These facts weigh in favor of not attributing the delay to Gaskins.

[15] On July 31, however, Gaskins acquiesced to a continuance until September 25. The trial court found her responsible for this 56-day delay, and she does not

dispute this finding on appeal. Thus, the Rule 4(C) deadline was extended to August 4, 2014.

[16] Pursuant to successive continuances requested by the State, the trial court rescheduled the suppression hearing for January 8, 2014, resulting in a 105-day delay. The trial court found that Gaskins was not responsible for this delay, and the State does not challenge this on appeal.

[17] The trial court also found that Gaskins was not responsible for the 49 days between January 8 and the February 26 suppression hearing because it made a "mistake." Tr. at 127. The State characterizes the court's acceptance of responsibility as a basis for extending the Rule 4(C) deadline, but it is well settled that only court-related delays attributable to congestion or emergency may prolong that time limit. *Carr*, 934 N.E.2d at 1100. Here, the trial court made no such findings.

[18] The trial court determined that Gaskins was not responsible for the 42 days between February 26 and April 9, during which it took the motion to suppress under advisement. The State makes the same argument as above regarding this delay, which we reject for the same reason.

[19] On April 9, the trial court ruled on the motion to suppress and set a trial date of August 11, to which Gaskins timely objected as being past the Rule 4(C) deadline of August 4. *Cf. Hood v. State*, 561 N.E.2d 494, 496 (Ind. 1990) ("When a trial court sets a trial date which is beyond a period allowed and the defendant is or should be aware that the setting is beyond the time allowed, it is

his obligation to object at the earliest opportunity so the court can reset the trial for a date within the proper period. Failure to voice a prompt objection is deemed a waiver of the issue."). The trial court's April 9 suppression ruling prompted the State to file a motion to correct error and request an interlocutory appeal, which in turn prompted the court to vacate the trial date on June 25. The trial court found that Gaskins was not responsible for this 77-day delay, and the State does not specifically dispute this on appeal.

[20] Also on June 25, the trial court granted the State's motion to certify its suppression order for interlocutory appeal, and this Court denied the State's motion to accept jurisdiction on August 8. The trial court found that Gaskins was not responsible for this 44-day delay. Because the State did not seek and the trial court did not order a stay of its proceedings during this period, we agree. *See Pelley v. State*, 901 N.E.2d 494, 500 (Ind. 2009) ("[T]he time for an interlocutory appeal is excluded from Rule 4(C)'s limitation only when trial court proceedings have been stayed.").

[21] On August 13, the trial court scheduled a trial date for October 20, and Gaskins again timely objected. Gaskins filed a motion for discharge on September 10, at which point the Rule 4(C) deadline had long since passed.[6] Based on the foregoing, we conclude that the trial court abused its discretion in denying the motion. Consequently, we vacate Gaskins's convictions.

---

[6] We note that the trial court found that Gaskins was not responsible for any delay after August 8.

Vacated.

May, J., and Bradford, J., concur.