## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2019, 8:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amber C. Shaw
Law Office of Amber C. Shaw
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Michael Wilcutt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 21, 2019

Court of Appeals Case No.
18A-CR-1896

Appeal from the Harrison Superior Court

The Honorable Joseph L. Claypool, Judge

Trial Court Cause No.
31D01-1608-F4-523

**Friedlander, Senior Judge.**

[1] James Wilcutt appeals the denial of his motion to dismiss. We affirm and remand.

[2] On August 15, 2016, the State charged Wilcutt with burglary, a Level 4 felony, and theft, a Level 6 felony. The State alleged that Wilcutt had broken into a dwelling in Harrison County and took personal property, including tools. The Harrison Superior Court, the trial court in this case, found probable cause for the charges and issued an arrest warrant.

[3] Wilcutt was incarcerated in Crawford County on unrelated charges when the trial court issued the arrest warrant in this case. On September 21, 2016, Wilcutt filed a pro se motion with the trial court asking for a hearing and for an order to transport him to the hearing.[1] On September 22, 2016, the trial court issued an order directing the Harrison County Sheriff to transport Wilcutt from the Crawford County Jail to the Harrison County Jail for an initial hearing on October 24, 2016.

[4] The scheduled hearing did not occur because Wilcutt was no longer at the Crawford County Jail on the day he was to be transported to Harrison County. It was later revealed that Wilcutt had been granted a medical furlough from the Crawford County Jail and then failed to return, which resulted in his arrest in Crawford County on October 28, 2016, and reincarceration in the Crawford County Jail. The trial court in this case did not schedule a new initial hearing but instead noted the arrest warrant against Wilcutt remained outstanding.

---

[1] It appears that Wilcutt did not serve copies of this motion and his other pro se filings on the State.

[5] On November 4, 2016, Wilcutt filed another pro se motion with the trial court. He again requested an initial hearing and an order to be transported to Harrison County. In addition, Wilcutt asked the court to appoint an attorney to represent him. Finally, he requested a "Fast and Speedy Trial." Appellant's App. Vol. II, p. 13. It appears that the trial court did not take any action on Wilcutt's motion.

[6] On January 26, 2017, Wilcutt filed another pro se motion with the trial court. He sent it from the Crawford County Jail. In the motion, Wilcutt asked to be discharged and to have the case dismissed because he had not received a "fast and speedy trial" despite his prior request. *Id.* at 14.

[7] On January 30, 2017, the trial court scheduled an initial hearing for February 22, 2017. The court held the hearing as scheduled and appointed counsel to represent Wilcutt. Wilcutt, by counsel, filed a jury trial demand and a request for discovery.

[8] On March 28, 2017, the court issued an order directing the Harrison County Sheriff to transport Wilcutt from the Crawford County Jail to the Harrison County Jail for a hearing scheduled for March 29, 2017. That hearing was later rescheduled for April 5, 2017, and on April 4, 2017, the trial court reissued the order for transport from Crawford County.

[9] The hearing was held on April 5, 2017. During the hearing, Wilcutt, by counsel, withdrew his request for a fast and speedy trial. The trial court scheduled another pretrial hearing for June 28, 2017. In addition, the trial court

issued another order to transport, directing the Harrison County Sheriff to transport Wilcutt from the Crawford County Jail to the Harrison County Jail on or before June 28, 2017.

[10] The trial court held the hearing as scheduled on June 28, 2017 and scheduled a jury trial for October 17, 2017. The trial court issued another transport order, on this occasion directing the sheriff to transport Wilcutt from "the Orange County Jail, or such other place where he/she may be housed, to the Harrison County Jail on or before September 27, 2017." *Id.* at 38.

[11] On October 10, 2017, Wilcutt, by counsel, moved to continue the jury trial. The trial court granted Wilcutt's motion and rescheduled the trial for November 14, 2017. On November 1, 2017, the court held a hearing. Wilcutt's counsel appeared, but Wilcutt was absent. Counsel was unsure of Wilcutt's location, but the trial court noted Wilcutt had a pending case in Orange County with a sentencing date of November 27, 2017. The trial court indicated it would prepare a transport order.

[12] On December 18, 2017, Wilcutt, acting pro se although he was represented by counsel, filed a motion for transport order. He claimed he was "currently residing in the Orange County Jail," and that the case that had caused his incarceration in that county had been resolved. *Id.* at 51. He asked the trial court to order the sheriff to transport him to the Harrison County Jail. The trial court did not act on Wilcutt's pro se motion.

[13] Next, Wilcutt obtained new counsel, who filed a Motion to Dismiss and a request for a hearing. The trial court held a hearing. On May 10, 2018, the trial court issued an order denying the Motion to Dismiss. On June 7, 2018, the trial court issued findings of fact and conclusions thereon further explaining its reasons for denying Wilcutt's Motion to Dismiss. Wilcutt moved the trial court to certify its order for interlocutory review, and the trial court agreed. Next, Wilcutt asked this Court to accept review over the case, and the Court agreed. This appeal followed.

[14] Wilcutt raises three issues, which we consolidate and restate as: whether the trial court erred in denying his motion to dismiss. He claims the trial court should have dismissed the State's charges because the State did not bring him to trial within seventy days of his request for a fast and speedy trial, in violation of Indiana Criminal Rule 4(B).

[15] Where the facts are not in dispute, a speedy trial claim presents a question of law. *Cundiff v. State*, 967 N.E.2d 1026 (Ind. 2012). We apply a de novo standard of review to a trial court's ruling on a question of law. *Id.*

[16] The Sixth Amendment and article I, section 12 of the Indiana Constitution protect an accused's right to a speedy trial. These constitutional provisions are generally implemented through Indiana Criminal Rule 4(B). *Cundiff*, 967 N.E.2d at 1027. Rule 4(B) states, in relevant part:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such

motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

Rule 4(B) places an affirmative duty on the State to bring a defendant to trial, but at the same time the rule is not intended to be a mechanism for providing defendants a technical means to escape prosecution. *Austin v. State*, 997 N.E.2d 1027 (Ind. 2013).

[17] The State does not dispute that Wilcutt filed a request for a speedy trial on November 4, 2016. Instead, the State claims Rule 4(B) is inapplicable here. "[F]or Rule 4(B) to apply, the defendant must be incarcerated on the charge for which he seeks a speedy trial, and as long as that requirement is met, the availability of Rule 4(B) is not affected if the defendant is also incarcerated on other grounds." *Cundiff*, 967 N.E.2d at 1031.

[18] In Wilcutt's case, he was not in custody in Harrison County when he filed his request for a speedy trial. To the contrary, he conceded during a trial court hearing in this case that he was never incarcerated in the Harrison County Jail during the period of time relevant to this case. Tr. Vol. 2, p. 5. Wilcutt was instead incarcerated in Crawford County on unrelated charges. He remained incarcerated in Crawford County until at least April 5, 2017, when he withdrew his request for a speedy trial in this case.

[19] Following the Indiana Supreme Court's holding in *Cundiff*, we conclude Wilcutt's November 4, 2016, request for a speedy trial did not trigger Rule

4(B)'s seventy-day deadline because he was not incarcerated on the charges in this case. Further, after he waived his right to a speedy trial, he did not renew his request once he was in custody in Harrison County to answer for the current charges.

[20] For the reasons stated above, we affirm the judgment of the trial court and remand for further proceedings.

[21] Affirmed and remanded.

Mathias, J., and Crone, J., concur.