# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JASON W. BENNETT**
Bennett Boehning & Clary LLP
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| COREY FLETCHER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1009-CR-1096 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-0910-FA-25

**January 18, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Corey Fletcher appeals the trial court's denial of his motion for discharge under Ind. Criminal Rule 4(B). Fletcher raises one issue which we revise and restate as whether the trial court improperly denied his motion. We reverse.

The relevant facts follow. On October 28, 2009, the State charged Fletcher with conspiracy to manufacture methamphetamine as a class A felony, possession of methamphetamine as a class B felony, and possession of precursors with intent to manufacture methamphetamine as a class C felony. The State also alleged that Fletcher was an habitual substance offender.

On February 19, 2010, the court held an initial hearing at which Fletcher appeared in person, and the court appointed a public defender. The court also scheduled a jury trial for May 11, 2010. On February 26, 2010, the court appointed John Antalis as Special Public Defender. On March 2, 2010, the court entered an order indicating that it was advised that Antalis was unable to accept appointment as Special Public Defender and the court appointed Timothy Broden to represent Fletcher. That same day, Fletcher filed a *pro se* motion for fast and speedy trial. The motion stated: "Comes now defendant Corey Fletcher, pro se[,] public defender not yet assigned respectfully request [sic] a fast and speedy trial on the day of 2-29-2010." Appellant's Appendix at 36. An entry in the chronological case summary ("CCS") dated March 3, 2010, states: "The Court notes that special Public Defender has previously been appointed. The Court affirms dates previously set. Copy to counsel." Id. at 9. On March 5, 2010, Broden filed an appearance form.

2

On March 15, 2010, the State filed a motion to strike Fletcher's motion for fast and speedy trial. The State argued that Fletcher was represented at the time that he filed his motion. The court set the matter for a status hearing on the State's motion to strike Fletcher's motion for March 26, 2010. On March 26, 2010, the parties agreed to schedule a hearing on the State's motion to strike for April 9, 2010. The CCS does not reflect a hearing on April 9, 2010. On April 19, 2010, the court held a status hearing and scheduled the matter for a telephone status conference for April 20, 2010, and Fletcher's attorney "object[ed] to resetting trial date past the May 11, 2010 jury trial date." Id. at 8.

On May 12, 2010, Fletcher's attorney filed a motion for discharge pursuant to Ind. Criminal Rule 4(B). The motion stated that Fletcher "would show that more than seventy (70) days have elapsed since the filing of [his] pro se Motion for Speedy Trial on March 2, 2010 and no trial of the above entitled cause has been conducted." Id. at 55. On June 9, 2010, the court held a hearing on Fletcher's motion for discharge and denied the motion.

After a trial, a jury found Fletcher guilty of conspiracy to manufacture methamphetamine as a class A felony and possession of precursors with intent to manufacture methamphetamine as a class C felony, but not guilty of possession of methamphetamine. Fletcher waived a jury for the habitual offender phase, and the court found that he was an habitual substance offender and habitual offender. The court sentenced Fletcher to forty years for conspiracy to manufacture methamphetamine as a class A felony. The court found that the charge of possession of precursors with intent to manufacture methamphetamine as a class C felony merged with the charge of conspiracy,

3

and sentenced Fletcher to thirty additional years for being an habitual offender.  The court suspended eight years of Fletcher's sentence for an aggregate sentence of seventy years with sixty-two years executed.

The issue is whether the trial court improperly denied Fletcher's motion for discharge under Ind. Criminal Rule 4(B).  We review *de novo* a trial court's denial of a motion to discharge a defendant.  Kirby v. State, 774 N.E.2d 523, 530 (Ind. Ct. App. 2002), reh'g denied, trans. denied.  "The Sixth Amendment to the United States Constitution and Article 1, section 12 of the Indiana Constitution guarantee the right to a speedy trial.  The provisions of Ind. Criminal Rule 4 implement these protections."  Wilkins v. State, 901 N.E.2d 535, 537 (Ind. Ct. App. 2009) (citing Clark v. State, 659 N.E.2d 548, 551 (Ind. 1995)), trans. denied.  Ind. Criminal Rule 4(B)(1) provides, in pertinent part:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

"The purpose served by Crim. R. 4(B) is to prevent a defendant from being detained in jail for more than 70 days after requesting an early trial."  Williams v. State, 631 N.E.2d 485, 486 (Ind. 1994), reh'g denied.  Restraint on liberty is one policy underlying Rule 4(B), but it is not the only policy.  Poore v. State, 685 N.E.2d 36, 40 (Ind. 1997).  "There is also the anxiety and humiliation that can accompany public accusation."  Id.  "These considerations are unrelated to whether the accused is incarcerated on other grounds at

4

the time the speedy trial is demanded." Id. "Equally importantly, a prompt trial enables a defendant to make his or her case before exculpatory evidence vanishes or becomes stale." Id.

"The onus is on the State, not the defendant, to expedite prosecution." Jackson v. State, 663 N.E.2d 766, 769 (Ind. 1996). A defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process. Id. A movant for an early trial must maintain a position which is reasonably consistent with the request that he has made. Wilburn v. State, 442 N.E.2d 1098, 1103 (Ind. 1982). "[I]t is incumbent upon defendant to object at the earliest opportunity when his trial date is scheduled beyond the time limits prescribed by Ind. R. Crim. P. 4(B)(1)." Smith v. State, 477 N.E.2d 857, 861-862 (Ind. 1985). "This requirement is enforced to enable the trial court to reset the trial date within the proper time period." Dukes v. State, 661 N.E.2d 1263, 1266 (Ind. Ct. App. 1996). "A defendant who permits the court, without objection, to set a trial date outside the 70-day limit is considered to have waived any speedy trial request." Stephenson v. State, 742 N.E.2d 463, 488 (Ind. 2001), cert. denied, 534 U.S. 1105, 122 S. Ct. 905 (2002).

Fletcher argues his counsel advocated for the motion at all appropriate times, objected to continuing the trial, and timely filed a motion for discharge when the permitted seventy days had elapsed. Fletcher acknowledges that the Indiana Supreme Court has stated that "once counsel was appointed, Defendant spoke to the court through counsel," in Underwood v. State, 722 N.E.2d 828, 832 (Ind. 2000), reh'g denied, but argues that the Court in Underwood "had no need to distinguish between 'appointment'

5

and 'appearance,' since none of the *pro se* pleadings in that case were filed in between those two events." Appellant's Brief at 10-11. Fletcher also argues that because "*Underwood* never draws, nor needed to draw, the distinction that language suggests, citing it for that purpose would simply take it out of context." Id. at 11. Fletcher argues that "[f]orcing [him] to sit idly through incarceration while waiting for counsel to appear and file a speedy-trial motion on his behalf would serve no useful purpose . . . ." Id. at 6. Fletcher also argues that his counsel had not yet filed an appearance at the time that he filed his motion for a fast and speedy trial and that "[t]he formal filing of an appearance is not just a technicality – it is a substantive event that changes the parties' rights and obligations as the case progresses." Id. at 10. Fletcher contends that "the purposes of [Ind. Rule 4(B)] would be eviscerated if an indigent defendant must wait some *indeterminate* amount of time for appointed counsel to appear, before a court will acknowledge his *bright-line* right to be tried within 70 days of a written request." Id. at 13.

Fletcher relies upon Jackson v. State, 663 N.E.2d 766 (Ind. 1996). Fletcher acknowledges that in Jackson, "the *pro se* request was filed before the intitial hearing; while here, it was filed after initial hearing and an order *appointing* counsel, but before any attorney had actually *appeared* on Mr. Fletcher's behalf." Id. at 10. However, Fletcher argues that this difference is immaterial. Lastly, Fletcher contends that his motion for a fast and speedy trial was never struck.

The State argues that Fletcher "had appointed counsel when he filed his *pro se* speedy trial motion" and that "[a] represented defendant speaks to the court through his

6

counsel, and a trial court is not required to respond to a defendant's *pro se* request or objection." Appellee's Brief at 6-7 (citing Underwood, 722 N.E.2d at 832). The State argues that "[w]hen a defendant is represented by counsel, it is within the trial court's discretion to entertain or strike *pro se* motions." Id. at 7 (citing Vance v. State, 620 N.E.2d 687, 689 (Ind. 1993)). The State cites Jenkins v. State, 809 N.E.2d 361 (Ind. Ct. App. 2004), trans. denied, and argues that "this Court rejected Defendant's argument that a trial court cannot strike a *pro se* defendant's filing when counsel has been appointed but not yet appeared." Id. The State also argues that Jackson, cited by Fletcher, is distinguishable because the defendant in that case had filed a *pro se* speedy trial motion before counsel was appointed. The State argues that "[n]o precedent requires that a court must weigh 'the usual evils' – policy concerns – to determine whether to strike a *pro se* motion from a represented defendant." Id. at 8. The State argues that Fletcher's "characterization of trial counsel's actions as ratifying the *pro se* motion is misleading" because his counsel "actually agreed to continue for three weeks – from March 26 to April 16 – the hearing on the State's motion to strike." Id. at 9. Lastly, the State contends that "[a]lthough the trial court never used the word 'strike' in reference to [Fletcher's] *pro* se motion, the CCS entry and the court's ruling at the discharge hearing reveal that the trial court disregarded it and deemed it stricken." Id. at 7.

In his reply brief, Fletcher argues that the record does not reveal that his motion for a speedy trial was ever struck. Fletcher argues that Jenkins is distinguishable and "that the nominally-adverse language in *Jenkins* is not only dicta, but misreads Supreme Court precedent and has undesirable policy implications." Appellant's Reply Brief at 5.

7

In response to the State's argument that Fletcher agreed to a continuance, Fletcher argues that "there was never any continuance of either hearing." Id. at 8.

Initially, we will address the State's argument that Fletcher did not maintain a position reasonably consistent with his request for a speedy trial because his counsel agreed to continue the hearing on the State's motion to strike for the time period between March 26 and April 16. The CCS entry dated March 17, 2010, reveals that the court scheduled a status hearing for March 26, 2010 on the State's motion to strike Fletcher's motion for fast and speedy trial. A CCS entry dated March 26, 2010, states: "The State appears by Charles E. Osom and the defendant by Timothy P. Broden. By agreement of the parties a hearing on the state's motion to strike is now scheduled for April 9, 2010 at 8:30 am the defendant is to be present at hearing." Appellant's Appendix at 8. This entry related to merely a status hearing and nothing in the entries suggests that a hearing on the merits of the State's motion to strike was to occur on March 26, 2010, or that the parties agreed to continue any hearing on the merits. Based upon the CCS entries, we cannot conclude that Fletcher requested a continuance.

We now turn to the cases relied upon by the parties regarding whether Fletcher's *pro se* motion for fast and speedy trial was properly filed and begin with Jackson, which was cited by Fletcher. In Jackson, as acknowledged by Fletcher and argued by the State, the defendant filed his *pro se* motion for a speedy trial prior to the appearance of counsel. 663 N.E.2d at 768. Specifically, the defendant filed his motion on January 18, 1994, and his counsel entered his appearance on February 11, 1994. Id. In reversing the denial of the defendant's motion for discharge, the Court observed that "Defendant's counsel,

8

appointed during February 1994, zealously attempted to get a trial date within the seventy-day period," and that the defendant engaged in no activity that might be construed as waiver. Id. at 769.

In Underwood, a post-conviction court granted Herbert Underwood's motion for summary judgment for post-conviction relief, vacated Underwood's convictions, and ordered a new trial. 722 N.E.2d at 831. On June 20, 1995, Underwood filed a *pro se* motion for a fast and speedy trial. Id. On July 5, 1995, the trial court appointed counsel to represent Underwood and set a retrial date for August 14, 1995 (a date within the prescribed 70 days of Ind. Crim. Rule 4(B)). Id. On July 28, 1995, defense counsel explained at a pre-hearing conference, over what Underwood claimed was his objection, that he would not be adequately prepared for trial on August 14, 1995. Id. The trial court stated that Underwood's right to counsel was more fundamental than the right to a speedy trial and rescheduled Underwood's retrial for March 18, 1996. Id. On February 23, 1996, Underwood, again acting *pro se* but still represented by counsel, filed a "motion to dismiss all charges" on grounds that his right to speedy trial had been violated, which the court later denied. Id. On February 28, 1996, defense counsel filed a motion for continuance on grounds that he had to prepare and try other capital cases, and the court granted counsel's request. Id.

On March 1, 1996, Underwood submitted a written letter to the court, reiterating his right to a speedy trial. Id. On April 19, 1996, defense counsel filed a memorandum of law requesting a continuance of retrial on grounds that it was necessary for effective assistance of counsel. Id. On June 13, 1996, Underwood, by defense counsel, filed

9

another motion to continue retrial, or in the alternative, a motion to exclude the testimony of the co-defendant in Underwood's first trial. Id. On June 14, 1996, the court rescheduled the trial for a second time, setting the retrial date for August 19, 1996. Id. Underwood was ultimately convicted of murder. Id.

On appeal, Underwood argued that the trial court violated his statutory right to a speedy trial under Indiana Criminal Rule 4(B) when it failed to retry him within seventy days of June 20, 1995, the date he filed a *pro se* motion for a speedy trial. Id. The Court held:

> In the present case, the trial court was required to appoint new counsel for Defendant after he was granted post-conviction relief. It may be that Defendant sought a speedy trial on a pro se basis prior to counsel's appointment and objected to counsel's request for a continuance. But once counsel was appointed, Defendant spoke to the court through counsel. The trial court was not required to respond to Defendant's request or objection. See Broome v. State, 687 N.E.2d 590, 594 (Ind. Ct. App. 1997) (citing Kindred v. State, 521 N.E.2d 320, 325 (Ind. 1988); Bradberry v. State, 266 Ind. 530, 537, 364 N.E.2d 1183, 1187 (1977)), summarily affirmed in relevant part, 694 N.E.2d 280 (Ind. 1998). To require the trial court to respond to both Defendant and counsel would effectively create a hybrid representation to which Defendant is not entitled.

Id. at 832.

In Jenkins, the State charged Derrick Jenkins with possession of cocaine and with being an habitual substance offender. 809 N.E.2d at 365. At the initial hearing on October 22, 2001, the trial court appointed Mark Jones of the Wayne County Public Defender's Office and his partner, John Dorenbusch, to represent Jenkins. Id. Trial was set for February 25, 2002. Id. During the pre-trial conference on January 30, 2002, defense counsel requested a continuance of the trial date. Id. The court granted that

10

request and reset the trial for April 29, 2002.  Id.  Jones and Dorenbusch filed a motion to withdraw, which the court granted on June 28, 2002.  Id. at 365-366.  That same day, the court appointed Jeffrey Arnold to represent Jenkins.  Id. at 366.

On July 15, 2002, Jenkins filed a *pro se* motion for early trial.  Id.  The trial court refused the motion because Jenkins was represented by counsel.  Id.  Two days later, attorney Arnold filed his written appearance.  Id.  On August 2, 2002, Jenkins again filed a *pro se* motion for early trial, which the court also refused.  Id.  During a September 18, 2002 pre-trial conference, attorney Arnold orally moved for a continuance of the trial.  Id.  In a written motion for continuance, filed on September 23, 2002, attorney Arnold stated that he was seeking the continuance on behalf of his client to secure information which might be "vital to his defense."  Id.  The motion further indicated that Jenkins had authorized attorney Arnold to request the continuance.  Id.  On September 26, 2002, the trial court rescheduled Jenkins's trial for March 3, 2003.  Id.

On October 23, 2002, attorney Dale Arnett filed a written appearance on behalf of Jenkins.  Id.  Thereafter, attorney Arnold made a request to withdraw, which the court granted on November 15, 2002.  Id.  On February 21, 2003, attorney Arnett filed a motion for discharge pursuant to Criminal Rule 4(B) and Article 1, Section 13 of the Indiana Constitution.  Id.  In his memorandum in support of the motion, attorney Arnett contended that Jenkins had properly asserted his early trial right through his *pro se* motions of July 15, 2002, and August 2, 2002.  Id.  Attorney Arnett further argued that although Jenkins was represented by counsel at the time, he was entitled to file the *pro se* motions because of the guarantee to be heard by himself in Article 1, Section 13.  Id.

11

Following a pre-trial conference held on February 26, 2003, the trial court denied that motion. Id. A jury found Jenkins guilty as charged. Id.

On appeal, this court addressed whether Jenkins's *pro se* early trial motions triggered the time limits of Criminal Rule 4(B). Id. at 367. The court observed that "Jenkins attempted to file his first request for an early trial a couple of weeks after his first court-appointed attorneys were allowed to withdraw and two days before attorney Arnold, his second court-appointed attorney, filed his appearance with the court." Id. The court observed that "while attorney Arnold had not yet filed his written appearance with the court, he had been appointed as attorney for Jenkins by the court's order of June 28, 2002." Id. The court noted that "[i]t further appears that the trial court mailed a copy of its order that same day both to attorney Arnold and Jenkins." Id. at 367 n.2. The court stated: "Our supreme court has stated that 'once counsel [is] appointed, [a d]efendant sp[eaks] to the court through counsel.'" Id. at 367 (quoting Underwood, 722 N.E.2d at 832). The court held that "[a]s counsel had been appointed before Jenkins filed either of his early trial motions, the court was not required to accept the motions for filing." Id. The court also observed that Jenkins never expressly asserted his right to proceed *pro se* and seemingly accepted the appointment of his second attorney, who indicated in the motion for continuance that Jenkins had given his authorization for that filing. Id. at 367. The court concluded that Jenkins did not clearly and unequivocally assert his right to self-representation. Id. at 367-368.

To the extent that the State relies upon the language in Underwood that "once counsel was appointed, Defendant spoke to the court through counsel," we acknowledge

that this language may suggest that appointment is the relevant time period for determining whether a defendant may file a *pro se* motion for a speedy trial.[1] However, Underwood was addressing a situation in which counsel filed motions to continue following the defendant's *pro se* motion for a speedy trial. Further, the issue of a distinction between the time a court appoints an attorney and the time an attorney files an appearance was not at issue. Accordingly, we disagree with the holding in Jenkins to the extent that it implies that the appointment of counsel and not the appearance of counsel is the relevant time.

We also find Jenkins and Underwood distinguishable. Initially, we observe that the trial court in Jenkins "refused [Jenkins's *pro se* motion for early trial] for filing because Jenkins was represented by counsel." 809 N.E.2d at 366. Here, the State filed a motion to strike Fletcher's motion for fast and speedy trial on March 15, 2010, but the record does not reveal that the court ever explicitly struck Fletcher's motion. Further, unlike in Jenkins and Underwood, where the attorneys filed a motion for continuance following the motion for a speedy trial, Fletcher's attorney objected during the April 19, 2010 status hearing "to resetting trial date past the May 11, 2010 jury trial date," which was seventy days after Fletcher's *pro se* motion for fast and speedy trial. Appellant's Appendix at 8. Also, Fletcher's attorney filed a motion for discharge pursuant to Ind. Criminal Rule 4(B) on May 12, 2010. Thus, Fletcher's attorney effectively affirmed

---

[1] To the extent the State cites Edwards v. State, 902 N.E.2d 821 (Ind. 2009), for the proposition that the Court "affirmed the importance of counsel's appointment as the critical event for determining when a trial court may strike a *pro se* defendant's filing," Appellee's Brief at 7-8, we observe that the Court in Edwards did not address the time when counsel is appointed and when counsel files an appearance. Thus, we do not find Edwards instructive.

13

Fletcher's request. Under the circumstances, we conclude that trial court improperly denied Fletcher's motion for discharge.

For the foregoing reasons, we reverse the trial court's denial of Fletcher's motion for discharge.

Reversed.

BAILEY, J., concurs.

FRIEDLANDER, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

COREY FLETCHER,                        )
                                       )
    Appellant-Defendant,               )
                                       )
        vs.                        )     No. 79A02-1009-CR-1096
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.                )

**FRIEDLANDER, Judge, dissenting**

I believe the trial court properly denied Fletcher's Criminal Rule 4(B) motion for discharge and therefore respectfully dissent.

The basis of my disagreement centers upon the Majority's interpretation of *Jenkins v. State*, 809 N.E.2d 361 (Ind. Ct. App. 2004), *trans. denied*, and its rejection of *Jenkins* to the extent that *Jenkins* provides authority for the trial court's denial of Fletcher's motion for discharge. The Majority indicates that certain language in our Supreme Court's decision in *Underwood v. State*, 722 N.E.2d 828 (Ind. 2000), as cited and discussed in *Jenkins*, "may suggest" that appointment of counsel, not counsel's entry of an appearance, is the relevant time for purposes of determining whether a defendant

15

may file a pro se motion for speedy trial. *Slip op.* at 13. I interpret *Jenkins* to hold that the *Underwood* language means precisely that, and I agree with *Jenkins* in this respect.

As explained in *Jenkins*, for purposes of a pro se Crim. R. 4(B) motion to dismiss, a defendant's representation may take one of three forms: pro se, representation by counsel, and hybrid representation. A pro se defendant clearly may speak for himself or herself via a motion for speedy trial and therefore such a motion is valid. As to the latter two alternatives, the court noted that by failing to "clearly and unequivocally assert his right to self-representation" when the court appointed counsel to represent him, Jenkins acquiesced in counsel's presentation of the defense. *Jenkins v. State*, 809 N.E.2d at 367. The court stated that a "clear and unequivocal" request for self-representation in this context would require an objection to the appointment of counsel by Jenkins. *Id.* The court held that, following the appointment of counsel, Jenkins would similarly be required to clearly and unequivocally indicate his wish to proceed via the third form, i.e., by hybrid representation, and that "filing … pro se motions did not amount to a request to proceed with hybrid representation." *Id.* at 368. Thus, the court concluded, because "Jenkins did not adequately assert his right to self-representation or desire to proceed with hybrid representation, he was entitled only to be heard through his attorney[.]" *Id.*

In the instant case, Fletcher did not clearly and unequivocally object to the appointment of counsel and thus to proceed pro se. Neither did he clearly and unequivocally express a wish to proceed with hybrid representation. This leads inescapably to the conclusion that Fletcher acquiesced in representation by appointed counsel. To paraphrase the *Jenkins* court's conclusion on this issue, because "counsel

16

had been appointed before [Fletcher] filed … his early trial motion[], the court was not required to accept the motion[] for filing", much less grant it. *Id.* at 367. I would affirm the trial court in all respects.