Corey FLETCHER, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S02–1204–CR–208.

Supreme Court of Indiana.

June 12, 2012.

## PUBLISHED ORDER

By order dated April 4, 2012, the Court granted a petition seeking transfer of jurisdiction from the Court of Appeals to this Court. After further review, including oral argument, a majority of the Court has determined that transfer was improvidently granted. Accordingly, the order granting transfer is VACATED and transfer is hereby DENIED. The Court of Appeals opinion reported as *Fletcher v. State*, 959 N.E.2d 922 (Ind.Ct.App.2012), is no longer vacated under Appellate Rule 58(A), and is reinstated as Court of Appeals precedent. Pursuant to Appellate Rule 58(B), this appeal is at an end.

The Court DIRECTS the Clerk to certify this appeal as final, and to send a copy of this order to counsel of record, and to LexisNexis and Thomson/Reuters for publication on-line and in the bound volumes of the Court's decisions.

DICKSON, C.J., and SULLIVAN, RUCKER, and DAVID, JJ., concur.

MASSA, J., dissents to the denial of transfer with separate opinion.

MASSA, J., dissents with opinion from denial of transfer.

The purpose of our Criminal Rule 4 is to give predictable substance to the State and Federal Constitutional guarantees of a "speedy" trial otherwise left undefined in our charters. In this case, habitual offender and methamphetamine conspirator Corey Fletcher was arrested in February, tried and convicted in July and sentenced to forty years in prison, a fair and efficient administration of justice by any measure. He now goes free, with no corresponding benefit to the body of law that protects every citizen's rights, and contrary to precedents of this Court.

The Court of Appeals found a violation of Criminal Rule 4 when the trial judge ignored Fletcher's pro se request that a speedy trial commence within the required 70 days. This pro se motion was filed *after* appointment of a public defender in open court, but *before* an appearance was on file. *Fletcher v. State*, 959 N.E.2d 922 (Ind.Ct.App.2012). It was within the judge's discretion to ignore the pro se filing and he did so the day after it was filed, recording that defendant had counsel. *Id.* at 924 ("The Court notes that special Public Defender has previously been appointed. The Court affirms dates previously set."). The wiser and safer course may well have been to give Fletcher his trial in May after his lawyer attempted to adopt the motion on April 19, retroactive to its filing in March, but I am not prepared to say it was an abuse of discretion when the law plainly gives the court the option to ignore pro se motions under these circumstances. *See Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000); *see also Bradberry v. State*, 266 Ind. 530, 536–37, 364 N.E.2d 1183, 1187 (1977) ("[T]he trial judge exercises wide discretion because no constitutional right to hybrid representation exists."). That we might suggest a better alternative in hindsight does not establish an abuse of discretion occurred, particularly when the sanction to public safety is so severe.

Fletcher's trial was timely and fair. His rights were not violated and his conviction should be affirmed. Worse, I fear this split decision of the Court of Appeals, *see*

*Fletcher*, 959 N.E.2d at 930 (Friedlander, J., dissenting), left undisturbed, may sow confusion among trial judges confronted with pro se filings by represented defendants. For these reasons, I respectfully dissent.