## FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ANDREW ADAMS**
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY SCHEPERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1201-CR-39 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

INTERLOCUTORY APPEAL FROM THE FLOYD CIRCUIT COURT
The Honorable J. Terrence Cody, Judge
Cause No. 22C01-1105-FA-1016

**December 18, 2012**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

This case is before us on interlocutory appeal, where we determine whether Timothy Schepers's right to a speedy trial under Indiana Criminal Rule 4 was violated. Schepers was charged with several criminal offenses, and the trial court appointed a public defender to represent him. Schepers subsequently filed a pro se motion to have the public defender removed as counsel and demanded a jury trial within seventy days pursuant to Criminal Rule 4.

After Schepers filed his motions and demand for a jury trial, and before a ruling was made on the request for removal of counsel, the trial court held a hearing and informed Schepers that it was appointing a special public defender to represent him. Schepers agreed to that appointment. When the trial court set a trial date beyond seventy days of Schepers's pro se motion, Schepers moved to dismiss and the trial court subsequently held a hearing to determine whether a violation of Criminal Rule 4 had occurred.

Schepers was still represented by counsel when he filed his pro se motions, and Schepers's filing of those motions did not amount to a request to proceed with hybrid representation. Additionally, Schepers's subsequently-appointed counsel acquiesced to a trial date that was set beyond the seventy-day rule. For these reasons, we conclude that the trial court properly denied Schepers's motion to dismiss. We therefore affirm and remand this cause for trial.

FACTS

On May 9, 2011, the State charged Schepers with several drug offenses and one count of Neglect of a Dependent,[1] a class C felony. The trial court conducted an initial hearing the next day and appointed a public defender to represent Schepers. J. Patrick Biggs filed his appearance for Schepers on May 18, 2011. Biggs also filed a demand for jury trial and a motion for discovery that same day.

On June 6, 2011, Schepers filed a pro se motion to have Biggs removed as counsel. Schepers also stated in his motion that "under no circumstances do I consent to allow any attorney to file any appearances, or any continuances, outside of my court-presence." Appellant's App. p. 13-14. At the same time, Schepers filed a "pro se appearance form," where he again demanded a jury trial and notified the trial court that no attorney could file an appearance on his behalf. Id. at 15. The next day, Schepers filed several documents, demanding a jury trial within seventy days of the filing of his pro se appearance form.

The trial court conducted a hearing regarding Schepers's motion to remove Biggs as counsel on June 13, 2011. At that hearing, the trial court informed Schepers that Andrew Adams would be serving as a special public defender. The trial court concluded

---

[1] Ind. Code § 35-46-1-4.

3

that a special public defender would be appointed because Schepers had created "an impossible situation for . . . Biggs to effectively represent you, and so . . . the solution to that is to appoint a special public defender, which will be done." Tr. p. 6. Biggs had not withdrawn his appearance as Schepers's counsel prior to the hearing.

The trial court held a subsequent hearing on June 29, 2011, with Adams present. Although Adams had not yet filed his appearance, he noted for the record that he had been contracted by the public defender's office to represent Schepers. The trial court then had Adams entered into the Chronological Case Summary (CCS) as Schepers's counsel.

There had been a pretrial conference scheduled for June 28, 2011, but the trial court "noted that Mr. Biggs had withdrawn and there was no attorney." Id. at 10. The trial court additionally recognized that Biggs had requested the trial court set the matter for a jury trial and that Schepers later requested an early trial.

Adams informed the trial court that he had spoken "with Schepers about his request, and that the delay would be attributable to him because he'd requested removal of Mr. Biggs from the case. [He] would anticipate ninety days." Id. The trial court responded, "Okay. So . . . we would be looking at late September or early October." Id. at 11. Adams then replied, "that would be fine, your honor." Id.

On July 22, 2011, the trial court issued an order scheduling a final pre-trial conference for October 20, 2011, with a jury trial scheduled for October 31, 2011. On August 12, 2011, Adams objected to the trial date and moved to dismiss the case because

4

the trial court had not scheduled the jury trial within seventy days as Schepers had requested in his pro se jury trial demand. Following a hearing on August 19, 2011, the trial court denied Schepers's motion to dismiss.

Schepers requested that the trial court certify its denial of his motion to dismiss for an interlocutory appeal, which was subsequently granted. We then assumed jurisdiction over the appeal.

DISCUSSION AND DECISION

In addressing Schepers's claim that the trial court erred in denying his motion to dismiss, which purportedly denied him of the right to an early trial, we initially observe that Criminal Rule 4(B)(1) provides that "[i]f any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion." However, the defendant is not entitled to a discharge "where a continuance with said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar." Id. When reviewing the trial court's ruling on a motion to dismiss, we defer to the factual determinations of the trial court and review its legal decisions de novo. Heinzman v. State, 970 N.E.2d 214, 218 (Ind. Ct. App. 2012).

We note that when counsel is appointed, a criminal defendant speaks to the court through his or her attorney. Jenkins v. State, 809 N.E.2d 361, 367 (Ind. Ct. App. 2004). A request to proceed pro se is a waiver of the right to counsel. Stroud v. State, 809

5

N.E.2d 274, 279 (Ind. 2004). Thus, there are several requirements to successfully invoke the right of self-representation. More specifically, the defendant must make a "clear and unequivocal" request within a reasonable time prior to trial. Id. If the defendant satisfies this requirement, the trial court should conduct a hearing to determine whether the defendant's choice was knowing, intelligent, and voluntary. Id. at 280.

Biggs filed his appearance in the case on May 18, 2011, along with a demand for a jury trial and a motion for discovery. Appellant's App. p. 2, 8. Then, on June 6, Schepers filed his motion to remove Biggs as counsel. The following day, Schepers filed his pro se appearance and demand for a speedy trial pursuant to Criminal Rule 4. Id. at 13-14, 15-16.

The trial court conducted a hearing on Schepers's motion to remove Biggs as trial counsel on June 13, 2011. Prior to that hearing, Biggs was still counsel of record for Schepers because the trial court had not yet made any ruling on Schepers's motion. In other words, when Schepers filed his pro se demand for a speedy trial on June 7, 2011, Biggs was still representing him.

At the June 13 hearing, the trial court did not hear any evidence about whether Schepers's choice to proceed pro se was knowing, intelligent, and voluntary. Rather, Schepers was told that Adams was going to be appointed as special public defender in the case. Schepers did not object and responded, "Cool. Thank you." Tr. p. 3.

The record demonstrates that Schepers was consistently represented by counsel in this case. That said, we find this court's decision in Jenkins instructive. The evidence in

6

that case demonstrated that the defendant "attempted to file his first request for an early trial a couple of weeks after his first court-appointed attorneys were allowed to withdraw," but two days before the second court-appointed attorney had filed his appearance. Id. at 367. Jenkins also attempted to file a second early trial request after his second attorney filed his appearance. Id. On appeal, it was observed that

> Jenkins appears to contend that because he did not have either an attorney of record when his first motion was filed or actual notice of his second attorney's appointment when he filed the second motion, he had essentially asserted his constitutional right to represent himself by filing the pro se motions.

Id. Notwithstanding Jenkins's arguments, we held that even though the second counsel "had not yet filed his written appearance with the court, he had been appointed attorney for Jenkins by the court's order" before Jenkins filed his motions. Id. Moreover, it was determined that "as counsel had been appointed before Jenkins filed either of his early trial motions, the court was not required to accept the motions for filing." Id.

A different panel of this court recently distinguished the Jenkins holding in Fletcher v. State, 959 N.E.2d 922 (Ind. Ct. App. 2012), trans. denied. In Fletcher, the evidence showed that the trial court had appointed a special public defender to represent the defendant. Id. at 924. However, counsel informed the trial court that he was not able to accept the appointment.

On the same day that the trial court issued an order stating that the appointed counsel declined the appointment and appointed a second attorney, Fletcher filed a pro se motion for a speedy trial. Id. The State subsequently filed a motion to strike Fletcher's

7

motion for a fast and speedy trial, and Fletcher's counsel eventually objected to setting the trial date outside the seventy-day limit and moved for discharge. Id.

On appeal, the majority "disagreed with the holding in Jenkins to the extent that it implies that the appointment of counsel and not the appearance of counsel is the relevant time." Id. at 929 (emphasis supplied). The Fletcher panel distinguished Jenkins on the grounds that the trial court in that case had refused Jenkins's pro se motion because he was represented by counsel. Id. (Friedlander, J., dissenting).

Even disregarding the disagreement involved in Jenkins and Fletcher, the distinguishing factor that was discussed in Fletcher, i.e., whether counsel had been appointed—or whether he had filed an appearance—is inapplicable here. In this case, Biggs entered his appearance before Schepers filed his pro se motion for an early trial, and he was still representing Schepers when the pro se motion was filed. When Schepers petitioned the trial court to remove Biggs as his counsel, the trial court responded by informing Schepers that it was appointing Adams as special public defender, to which Schepers seemingly acquiesced. And Biggs was still representing Schepers when the pro se motions were filed.

Schepers did not clearly and unequivocally assert his right to self-representation. Therefore, the trial court properly denied Schepers's motion to dismiss on this basis. See Jenkins, 809 N.E.2d at 368 (observing that because the defendant did not claim that he explicitly made known his desire to represent himself in addition to having court-

8

appointed counsel, the filing of pro se motions did not amount to a request to proceed with hybrid representation).

Finally, we note that at the hearing on June 29, 2011, Adams, Schepers's second counsel, agreed to a jury trial date in "late September" or October, which was outside the seventy-day limit, even assuming that a speedy trial request had been filed on June 7. See State v. Delph, 875 N.E.2d 416, 420 (Ind. Ct. App. 2007) (holding that a defendant's acquiescence in the delay of a trial outside the Criminal Rule 4 time limit is not charged to the State). For this additional reason, Schepers's claim that the trial court erred in denying his motion to dismiss fails.

The judgment of the trial court is affirmed, and the cause is remanded for trial.

RILEY, J., and BARNES, J., concur.

9