**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Apr 22 2014, 9:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RANDY E. BLACK, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 01A04-1310-CR-526 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ADAMS SUPERIOR COURT
The Honorable Patrick R. Miller, Judge
Cause No. 01D01-1301-FC-5

**April 22, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Randy Black appeals his conviction for Class C felony forgery.  We affirm.

## Issues

Black raises two issues, which we restate as:

> I.      whether the trial court erred by not ruling on Black's
> pro se request for an early trial; and

> II.     whether trial counsel was ineffective for not pursuing
> an early trial.

## Facts

On July 17, 2012, the State filed an information charging Black with Class C felony forgery in Adams County.  The chronological case summary ("CCS") indicates that in the fall and winter of 2012, Black was detained in the Allen County Jail and the Department of Correction ("DOC") on unrelated charges.  An initial hearing was held on the Adams County charges by video conferencing on January 4, 2013.

At the initial hearing, the trial court informed Black of the charges and his rights.  Black requested that an attorney be appointed to represent him, and the trial court appointed a public defender to represent him.  The trial court entered a not guilty plea and set a pre-trial hearing for March 20, 2013.  At that point, Black indicated that he wanted to "file for Fast and Speedy Trial too."  Tr. p. 14.  The trial court informed Black that his attorney would have to file that request in writing.  The trial court then scheduled a trial for May 6, 2013, and informed Black that "if a fast and speedy trial request is made, we will move those trial dates and those pre-trial omnibus dates up for you."  Id. at 15

(capitalization altered). The trial court then gave Black detailed information about how to contact his attorney and how to request an early trial.

Although attorney Albert Anzini, III, filed his appearance for Black on January 8, 2013, no written request for an early trial was filed. At a March 19, 2013 hearing, Anzini stated that he had corresponded with Black but had not heard back from him. Anzini also told the trial court that that the State had extended a plea offer, which Anzini needed to relay to Black. Anzini thought they might be able to get the matter resolved soon. At an April 23, 2013 hearing, Anzini informed the trial court that he and Black had written back and forth, and he requested a continuance because he and Black had not had the opportunity to talk in any meaningful fashion. The trial court converted the May 6, 2013 trial date into a status hearing.

At the May 2013 hearing, Anzini stated that Black wished to schedule a jury trial and that Black was under the impression that he had requested an early trial at his initial hearing. Anzini stated that neither the CCS nor the initial hearing order reflected such a request. The trial court could not recall the initial hearing but stated that such a request would have been made after counsel had been appointed and the trial court "would have expected counsel to file that in writing as required by state law." Id. at 30 (capitalization altered). A jury trial was scheduled for July 25, 2013. Black participated in the hearing by video conferencing but apparently had difficulty hearing. At the conclusion of the hearing, Black asked about his early trial request, and Anzini informed him that there was no written record of Black making such a request at the initial hearing and agreed to look into the matter.

3

Another hearing was held on June 25, 2013, at which the parties discussed the State's motion to amend the charging information to include additional charges and an habitual offender allegation. The trial court granted the State's motion to amend, and Anzini stated he would like to seek a continuance, but Black did not want one.

At a July 16, 2013 hearing to address the State's motion to continue and motion to release Black on his own recognizance, Anzini objected to the continuance. The trial court granted both motions; however, Black was still incarcerated in the DOC and was facing additional charges in Allen County.

Another hearing was held on July 23, 2013, at which Anzini relayed Black's request for an early trial and informed the trial court that, pursuant to his research, because Black had been released on his own recognizance, Black was not entitled to an early trial. The trial court denied Black's request, and a jury trial was scheduled for October 8, 2013.

At a September 27, 2013 hearing, at which Black was present, Anzini indicated that he began preparing a motion to dismiss but concluded the law did not support it. In an attempt to address Black's concerns about his request for an early trial, Anzini made an offer of proof describing the proceedings. During this offer of proof, Anzini informed the trial court that Black did request an early trial during his initial hearing and that on January 8, 2013, the public defender's office emailed him telling him that Black wanted an early trial. According to Anzini, he and Black did not speak from January until April, and it was not until an April 26, 2013 telephone conference that Black mentioned his request for an early trial. Anzini stated that, after he listened to the taped transcript of the

4

initial hearing, which confirmed the request, Anzini believed Black would be tried within seventy days and was incarcerated on another offense.

On October 8, 2013, a bench trial was conducted on the original charge. To preserve the early trial issue for appeal, Black refused to plead guilty but did agree that evidence would be presented to the trial court in summary form without objections based on the Indiana Rules of Evidence. The trial court found Black guilty, and the State dismissed the remaining charges and the habitual offender allegation. Black now appeals.

## Analysis

### *I. Early Trial*

"Indiana Criminal Rule 4 generally implements the constitutional right of an accused to a speedy trial." Cundiff v. State, 967 N.E.2d 1026, 1027 (Ind. 2012). Criminal Rule 4(B) provides in part, "If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion . . . ." The rule then lists conditions that excuse the failure to bring a defendant to trial within that timeframe. Id. at 1028. In reviewing Criminal Rule 4(B) claims, we review questions of law de novo. Austin v. State, 997 N.E.2d 1027, 1039 (Ind. 2013). We review factual findings under the clearly erroneous standard. Id. at 1040. Here, we are faced with questions of law and review the trial court's actions de novo.

Relying on McGowan v. State, 599 N.E.2d 589 (Ind. 1992), Black first contends that the trial court erroneously informed him that an early trial motion must be written.

In <u>McGowan</u>, our supreme court observed that Criminal Rule 4 does not specifically require a motion for early trial be in writing and explained that Indiana Trial Rule 7(B) allows a trial court to require a written motion. <u>McGowan</u>, 599 N.E.2d at 591; <u>see also</u> T.R. 7(B) (providing in part, "Unless made during a hearing or trial, or otherwise ordered by the court, an application to the court for an order shall be made by written motion."). We need not decide whether the trial court incorrectly informed Black that an early trial request had to be written or whether the trial court's instructions were sufficient to require a written motion pursuant to Trial Rule 7(B) because Black's pro se motion did not trigger the early trial clock.

In support of his argument that his pro se request for an early trial should have been honored, Black relies on <u>Fletcher v. State</u>, 959 N.E.2d 922 (Ind. Ct App. 2012), <u>trans. vacated</u>. In <u>Fletcher</u>, after counsel was appointed but before an appearance was entered, Fletcher filed a pro se motion for an early trial. According to the CCS, the trial court noted that a public defender had been appointed, affirmed the previously scheduled trial date, and forwarded a copy of the motion to counsel. A few days later, the public defender entered an appearance. The State later filed a motion to strike Fletcher's request for an early trial. At a subsequent status hearing, Fletcher's attorney objected to postponing the scheduled trial. Later, Fletcher's attorney filed a motion for discharge pursuant to Criminal Rule 4(B) on the basis that more than seventy days had passed since Fletcher filed his pro se motion for early trial. The trial court denied the motion, and Fletcher was eventually convicted of various drug-related charges.

6

On appeal, Fletcher argued that the trial court improperly denied his motion for discharge. The Fletcher panel considered our earlier opinion in Jenkins v. State, 809 N.E.2d 361 (Ind. Ct. App. 2004), in which Jenkins filed two pro se motions for an early trial after counsel had been appointed, and the trial court refused both motions.[1] On appeal, we observed, "Our supreme court has stated that 'once counsel [is] appointed, [a d]efendant sp[eaks] to the court through counsel.'" Jenkins, 809 N.E.2d at 367 (Ind. Ct. App. 2004) (quoting Underwood v. State, 722 N.E.2d 828, 832 (Ind. 2000)) (alterations in original), trans. denied. The Jenkins court concluded, "As counsel had been appointed before Jenkins filed either of his early trial motions, the court was not required to accept the motions for filing." Id.

In addressing Underwood and Jenkins, the Fletcher majority stated:

> To the extent that the State relies upon the language in Underwood that "once counsel was appointed, Defendant spoke to the court through counsel," we acknowledge that this language may suggest that appointment is the relevant time period for determining whether a defendant may file a pro se motion for a speedy trial. However, Underwood was addressing a situation in which counsel filed motions to continue following the defendant's pro se motion for a speedy trial. Further, the issue of a distinction between the time a court appoints an attorney and the time an attorney files an appearance was not at issue. Accordingly, we disagree with the holding in Jenkins to the extent that it implies that the appointment of counsel and not the appearance of counsel is the relevant time.

Fletcher, 959 N.E.2d at 929 (footnote omitted). The Fletcher majority also pointed out that Fletcher's attorney objected to the resetting of the trial and filed a motion for

---

[1] One motion was filed before Jenkins's attorney entered an appearance, and one motion was filed after his attorney entered an appearance.

discharge, which the majority considered to be an affirmation of Fletcher's pro se request for an early trial. Id. Based on these distinctions, the Fletcher majority reversed the denial of Fletcher's motion for discharge.

We believe Fletcher is distinguishable because Anzini did not pursue an early trial on Black's behalf. In fact, at a March 2013 hearing, Anzini asked to set another pre-trial conference so he could discuss a proposed plea agreement with Black and, at an April 2013 hearing, Anzini asked for a joint continuance of the May trial date. Although the issue of the early trial request was raised at the May 2013 hearing, it was not until July 2013 that Anzini actually requested an early trial. The trial court denied that request because Black had been released on his own recognizance and was serving a sentence unrelated to the pending charges.

We also agree with Judge Friedlander's dissenting opinion in Fletcher, in which he stated:

> The Majority indicates that certain language in our Supreme Court's decision in Underwood v. State, 722 N.E.2d 828 (Ind. 2000), as cited and discussed in Jenkins, "may suggest" that appointment of counsel, not counsel's entry of an appearance, is the relevant time for purposes of determining whether a defendant may file a pro se motion for speedy trial. Op. at 929. I interpret Jenkins to hold that the Underwood language means precisely that, and I agree with Jenkins in this respect.

Id. at 930 (Friedlander, J., dissenting). As our supreme court explained in Underwood, "once counsel was appointed, Defendant spoke to the court through counsel. The trial court was not required to respond to Defendant's request or objection. To require the trial court to respond to both Defendant and counsel would effectively create a hybrid

8

representation to which Defendant is not entitled." Underwood, 722 N.E.2d at 832. Because Black's pro se request was made after counsel was appointed, the trial court was not required to respond to Black's early trial request. See id. Black has not established that he should have been released pursuant to Criminal Rule 4(B).

## II. Ineffective Assistance of Counsel

Black also argues that Anzini was ineffective for failing to pursue an early trial. "To establish a post-conviction claim alleging the violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish before the post-conviction court the two components set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)." Kubsch v. State, 934 N.E.2d 1138, 1147 (Ind. 2010), cert. denied. First, a defendant must show that counsel's performance was deficient by establishing that counsel's representation fell below an objective standard of reasonableness and that "'counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment.'" Id. (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). A defendant must also show that the deficient performance prejudiced the defense by establishing there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. "Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." Id.

Black appears to argue that Anzini was ineffective for not moving for an early trial in a timely way. In considering whether counsel was ineffective for failing to move for

an early trial as requested by the defendant, our supreme court has observed, "When counsel's action or inaction is premised upon matters relating to trial preparation, such decisions are matters of trial strategy and the power to make binding decisions of trial strategy is generally allocated to defense counsel." Broome v. State, 694 N.E.2d 280, 281 (Ind. 1998). "In reviewing claims of ineffective assistance of counsel, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. "To overcome this presumption, a challenger must present strong and convincing evidence." Id.

Black provides no evidence that the decision not to pursue an early trial wasn't a matter of strategy.[2] In fact, the record shows, that in March 2013, the State extended a plea offer, and Anzini hoped to have the matter resolved. The record also shows that Black's incarceration in the DOC impacted Anzini's ability to communicate with Black and to prepare a defense. At the April 23, 2013 hearing, Anzini and the State jointly moved for a continuance of the May trial date, and Anzini explained that he had "not really had an opportunity to talk to Mr. Black in any meaningful fashion . . . about his potential defenses." Tr. p. 24. According to Anzini, although they corresponded, he and Black did not speak to each until other April 26, 2013.

---

[2] "A criminal defendant claiming ineffective assistance of trial counsel is at liberty to elect whether to raise this claim on direct appeal or in post-conviction proceedings." Jewell v. State, 887 N.E.2d 939, 941 (Ind. 2008). However, because an ineffective assistance of counsel claim often requires the development of new facts not present in the trial record, post-conviction proceedings are normally the preferred forum to adjudicate an ineffectiveness claim. McIntire v. State, 717 N.E.2d 96, 101 (Ind. 1999). "[I]f raised on direct appeal, the appellate resolution of the issue acts as res judicata and precludes its relitigation in subsequent post-conviction relief proceedings." Jewell, 887 N.E.2d at 941.

The mere fact that Black wanted an early trial is insufficient to rebut the strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Based on the record before us, Black has not established that the failure to file an early trial motion fell below an objective standard of reasonableness.

Even if the failure to file an early trial motion sooner was unreasonable, the State points out that Black has not established how he was prejudiced by the failure to file an early trial motion. In fact, Black makes no argument that, but for the alleged error, the result of the trial would have been different. Specifically, Black has not provided any evidence suggesting that Anzini should have filed an early trial motion sooner because of the State's inability to bring him to trial within seventy days. It also appears that, had an early trial motion been filed, the State could have moved to release him on his own recognizance, as it did in July 2013. See Williams v. State, 631 N.E.2d 485, 487 (Ind. 1994) ("Once released from custody, a defendant receives no further benefit from Crim.R. 4(B)."); see also Cundiff, 967 N.E.2d at 1031 (holding that "for Rule 4(B) to apply, the defendant must be incarcerated on the charge for which he seeks a speedy trial . . . ."). Black, therefore, has not established that he was prejudiced by the failure to file an early trial motion sooner.

Black also argues that Anzini's failure to object to the State's July 16, 2013 motion to continue on Criminal Rule 4(B) grounds was unreasonable.[3] This argument

---

[3] Anzini did object to the motion to continue on the basis that allowing the State time to investigate charges filed in another county was prejudicial to Black.

11

seems to be premised on the notion that Anzini moved for an early trial at the May 6, 2013 hearing and that the July 16, 2013 motion to continue was filed seventy-one days after that early trial motion. At the May 6, 2013 hearing, the issue of Black having requested an early trial at the initial hearing was discussed, Anzini told Black there was no written record of such a request, Anzini informed Black he would look into it, and a jury trial was scheduled for July 25, 2013. The record, however, does not reflect that Anzini moved for an early trial at the May 6, 2013 hearing. Because no early trial motion had been filed, Black has not established that Anzini's failure to pursue discharge on July 16, 2013 fell below an objective standard of reasonableness.[4] Black has not established that he received ineffective assistance of counsel.

## Conclusion

Black has not established that the trial court was required to respond to his pro se motion for an early trial or that trial counsel was ineffective for failing to pursue and early trial or discharge. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.

---

[4] Anzini did not move for an early trial until July 23, 2013, and the trial court denied that request because Black was released on his own recognizance on July 16, 2013.