# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 21 2017, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyrell J. Beavers, *Appellant-Defendant,*<br><br>v.<br><br>State of Indiana, *Appellee-Plaintiff* | June 21, 2017<br><br>Court of Appeals Case No. 20A03-1612-CR-2867<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Terry C. Shewmaker, Judge<br><br>Trial Court Cause No. 20C01-1607-MR-4 |

**Altice, Judge.**

## Case Summary

[1] Tyrell J. Beavers appeals the trial court's denial of his pro-se request to withdraw his guilty plea. He contends the trial court abused its discretion because he presented sound reasons in support of withdrawing his plea and the State did not oppose the request.

[2] We affirm.

## Facts & Procedural History

[3] On July 6, 2016, the State charged Beavers with murder. Counsel appeared on his behalf the following week. On October 7, 2016, the parties entered into a written plea agreement pursuant to which Beavers agreed to plead guilty as charged and the State agreed to a sentence of forty-five years in prison – the minimum sentence for murder. At a plea hearing on October 10, 2016, the trial court accepted Beavers' guilty plea and entered a judgment of conviction for murder. The court then scheduled sentencing for November 17, 2016.

[4] While awaiting sentencing, Beavers sent letters to the trial court on or about October 22 and November 7, 2016, requesting to withdraw his guilty plea. At the beginning of the sentencing hearing, the trial court addressed with Beavers this request, which was unverified and not filed by counsel. Beavers complained that counsel failed to advise that he could have a bench trial rather than a jury trial. Upon further questioning by the court, Beavers stated that he did not agree with the plea agreement and felt as though he was signing his life away. The court then sought comments from defense counsel, who thoughtfully noted his client's young age of nineteen and the minimum

sentence obtained by the plea agreement. Similarly, the prosecutor observed that "defense counsel ha[d] negotiated with the state for the least possible sentence that he could get under the circumstances." *Transcript* at 24. The prosecutor noted that this was "one of the strangest situations" and that withdrawal was not in the young defendant's best interest. *Id*. Further, the prosecutor observed that Beavers had "acknowledged his guilt on multiple occasions" and had been "very detailed about that guilt." *Id*. at 25.

[5] The trial court denied the request to withdraw the guilty plea. Specifically, the court concluded that it was not required to act on a pro-se filing by a defendant represented by counsel and that withdrawal was clearly not in Beavers' best interest. The court then proceeded to sentence Beavers to forty-five years in prison as required by the plea agreement. Beavers appeals the denial of his pro-se request to withdraw his guilty plea.

### Discussion & Decision

[6] A trial court's ruling on a motion to withdraw a guilty plea "arrives in this court with a presumption in favor of the ruling." *Brightman v. State,* 758 N.E.2d 41, 44 (Ind. 2001). We will reverse such a ruling only for an abuse of discretion. *Jeffries v. State*, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012), *trans. denied*.

[7] After a defendant pleads guilty but before a sentence is imposed, a defendant may file a motion to withdraw a plea of guilty. Ind. Code § 35-35-1-4(b). The motion "shall be in writing and verified." *Id*. The trial court may grant the

motion to withdraw "for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea."[1] *Id.*

[8]     In the instant case, Beavers did not file a verified, written motion to withdraw his guilty plea. Accordingly, his argument that the trial court abused its discretion in denying his pro-se requests to withdraw – made via letter and orally at sentencing – has been waived. *See Peel v. State*, 951 N.E.2d 269, 272 (Ind. Ct. App. 2011) ("A defendant's failure to submit a verified, written motion to withdraw a guilty plea generally results in waiver of the issue of wrongful denial of the request.") (quoting *Carter v. State,* 739 N.E.2d 126, 128 n. 3 (Ind. 2000)). Further, the trial court properly observed that it was not required to consider the pro-se request because Beavers was represented by counsel. *See Black v. State*, 7 N.E.3d 333, 338 (Ind. Ct. App. 2014).

[9]     Waiver notwithstanding, we conclude that Beavers has failed to present any grounds compelling the grant of his request to withdraw his guilty plea. The record establishes that his plea was freely and voluntarily made and that the plea resulted in an extremely beneficial sentence – the minimum sentence. Beavers argues that his reasons for wanting to withdraw the plea were "well articulated and sound". *Appellants' Brief* at 7. Defense counsel, the prosecutor, and the trial court all felt otherwise (that is, withdrawal was not in Beavers' best

---

[1] The statute also provides that the court shall grant a motion to withdraw a guilty plea "whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice." *Id.* Beavers, however, does not claim that a manifest injustice resulted from the plea agreement.

interest). On review, we discern an exercise of discretion by the trial court, not an abuse of it.

[10] Judgment affirmed.

[11] Kirsch, J. and Mathias, J., concur.